CORSON & GRUMAN CO., Inc., a body corporate, and Ferdinand Dews, Appellants,

v.

Ralph E. ZUBER and Irma Zuber, Appellees.

No. 2347.

Municipal Court of Appeals for the District of Columbia.

Argued March 23, 1959.

Decided June 23, 1959.

William T. Clague, Washington, D. C., with whom Stephen L. Jennings, Bethesda, Md., and Swingle & Swingle, Washington, D. C., were on the brief, for appellants.

Earl H. Davis, Washington, D. C., for appellees.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

On the morning of March 13, 1958, appellee Mrs. Zuber was driving her automobile on Beach Drive in Rock Creek Park when it was struck head on by a road roller which had gotten out of control and was proceeding on the wrong side of the road. The roller was the property of Corson & Gruman Co., a paving contractor, and was operated (or attempted to be operated) by Dews, an employee of the paving company. This action was brought by Mrs. Zuber and her husband against both the company and its employee for damages re-

·sulting from the collision. The answer of the defendants denied negligence and raised the defense of contributory negligence. Prior to trial the Zubers moved for summary judgment in their favor on the issue of liability. The motion was granted and the question of damages was submitted to a jury which awarded $2,000 to Mrs. Zuber and $1,000 to her husband. This appeal raises the single question of the propriety of the grant of summary judgment on the issue of liability.

■ It is well settled, of course, that summary judgment cannot be granted where there is an issue of fact; and it is equally well settled that ordinarily questions of negligence and contributory negligence are questions of fact, and only in exceptional cases may such questions be decided as a matter of law. In Cox v. Pennsylvania Railroad Co., D.C.Mun.App., 120 A.2d 214, 216, where the trial court had held a plaintiff contributorily negligent as a matter of law, set aside a verdict in his favor and granted judgment n. o. v. for the defendant, we, in reversing, said:

"It is settled in this jurisdiction that: 'Only in exceptional cases will questions of negligence, contributory negligence and proximate cause pass from the realm of fact to one of law. Unless the evidence is so clear and undisputed that fair-minded men can draw only one conclusion, the questions are factual and not legal.' Shu v. Basinger, D.C.Mun.App., 57 A.2d 295. Even if the facts are undisputed contributory negligence is still an ultimate fact for the jury if reasonable men may draw different conclusions from such facts. Wright v. Capital Transit Co., D.C.Mun.App., 35 A.2d 183."

Such being the law where both parties have presented their evidence and have had the opportunity of cross-examining opposing witnesses, the rule applies even more strictly to the grant of summary judgment. Thus it is said in 6 Moore, Federal Practice, § 56.17[42] (2d ed. 1953): "Issues of negligence, including such related issues as contributory negligence, are ordinarily not susceptible of summary adjudication either for or against the claimant, but should be resolved by trial in the ordinary manner." The foregoing statement has met with approval. See, for example, Roucher v. Traders & General Ins. Co., 5 Cir., 235 F.2d 423; Aetna Ins. Co. v. Cooper Wells & Co., 6 Cir., 234 F.2d 342.

In Cellini v. Moss, 98 U.S.App.D.C. 114, 116, 232 F.2d 371, 373, the court, in reversing summary judgment in a negligence case, had this to say:

"Summary judgment is a useful device for disposing of meritless tort claims. But since on a trial of this case plaintiff may be able to elicit from defendant facts which defendant had a duty to observe and plaintiff did not and which may prove plaintiff's case, and since defendant's demeanor on the stand in testifying on these matters may also lead to inferences favorable to plaintiff, we cannot conclude that 'there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' Rule 56(c), Fed.R.Civ.P., 28 U.S.C.A."

Our question is whether the present case is such an exceptional case as to justify the grant of summary judgment. Appellants insist that there was a genuine issue of fact on the question of contributory negligence. In ruling otherwise the trial court had before it, in addition to the pleadings, a deposition taken by appellees of Dews, operator of the roller, and two photographs of the vehicles after the collision. Obviously the judgment was granted mainly on the strength of the deposition.

■ In considering the deposition we must take it as true and read it in the light most favorable to appellants. Cellini v. Moss, supra. Viewed in this light, the following facts are disclosed. The roller was out of control, proceeding on the wrong

side of the road, and Dews was attempting to guide it up an embankment in order to stop it. In this situation, he first saw the automobile approaching about 100 feet away, and by waving his arms "tried to flag her around me," and as the distance between the two vehicles shortened he called out "Come on around." Instead of attempting to go on around, Mrs. Zuber brought her automobile to a stop about 15 feet in front of the roller and the collision ensued. Dews was asked by appellees' counsel what Mrs. Zuber did to cause the accident, to which his reply was: "Standing still"; and when asked what she could have done to avoid the accident, he replied: "She could have drove out of the way."

On the above facts we think fair-minded men could draw different conclusions. It could be reasonably concluded that Mrs. Zuber when confronted by the sudden emergency and immediate peril did only that which a reasonable person would have done under the circumstances. On the other hand, if a jury found that Mrs. Zuber saw the situation, recognized the danger and had available time and space in which to turn her automobile from the path of the roller, it could reasonably be concluded that her act of stopping, instead of turning, constituted negligence. It follows that the granting of summary judgment was error.

Reversed.