**Darwin Charles BROWN, Appellant,**

v.

**Donald A. COOKE, Appellee.**

No. 3845.

District of Columbia Court of Appeals.

Submitted Feb. 14, 1966.

Decided March 24, 1966.

Peter Isakov, Washington, D. C., for appellant.

Malvern J. Sheffield, Jr., Washington, D. C., for appellee.

Before HOOD, Chief Judge, MYERS, Associate Judge, and CAYTON (Chief Judge, Retired).

CAYTON, Judge.

We are asked to reverse an order refusing to vacate a default judgment.

The action, which charged defendant with the fraudulent sale of securities, was filed March 26, 1964 and process was served on defendant the following day. Defendant did not file an answer or otherwise plead in the case, and some eighty-two days thereafter, on June 17, 1964, default was entered against him. Later, plaintiff made his ex parte proof and judgment was entered on March 23, 1965. On March 29, 1965 defendant through his then counsel moved to set aside the judgment; this was followed by a renewed motion accompanied by a verified answer on the merits, and by affidavits of the defendant and his counsel. Memoranda in support of the motion to vacate, and in opposition, were also presented to the trial court.

In the agreed statement of proceedings it is recited that on March 30, 1964 defendant sent the suit-papers in this case to the lawyer who was appearing for him in a criminal case in the United States District Court, with a note in these words: "I enclose a copy of the above civil complaint which would appear to have been inspired by the Government." A part of the criminal proceeding involved the same subject matter that was involved in this action.

In defendant's affidavit in support of the motion to vacate he stated that he had sent the complaint in this case to his then attorney "for the purpose of preparing and timely filing the Answer to the Complaint and otherwise handling the various details of the litigation"; that he had every reason to be confident that an answer had been timely filed and that "the litigation was proceeding normally." Also that he first learned of the default judgment during the last week of March 1965.

Defendant's former counsel submitted an affidavit stating on information and belief that the attorney for plaintiff was fully aware that he (affiant) was representing defendant in the criminal case and yet "declined" to address any inquiry to him concerning the filing of an answer. At one point in the affidavit, counsel said he believed defendant had sent him the complaint in connection with the preparation of the trial of the criminal case; but at another point he said defendant had sent the complaint for the purpose of preparing an answer thereto, and due to his misunderstanding as to the purpose for which it had been sent to him, he failed to file an answer.

The trial judge found that defendant, himself an attorney, "was inexcusably negligent in forwarding the Complaint herein to attorneys representing him in a criminal action without an indication as to what action, if any, he wished them to take thereon; and that Defendant was likewise inexcusably negligent in failing to mention this civil action to said attorneys or to inquire of them as to the status thereof during the conferences and conversations had with them during the period April 1964 to March 1965, especially since Plaintiff was a complaining witness against Defendant under Count II of the criminal indictment."

■ This court has long adhered to the broad view that defendants should have a trial on the merits and that upon any reasonable showing, not made out of time, defaults should be set aside. Manos v. Fickenscher, D.C.Mun.App., 62 A.2d 791. But we have also held, construing Rule 60 of the trial court, that a defendant who has placed himself beyond time limits has no standing to demand that a case be reopened. Miller v. Werner, D.C.App., 185 A.2d 723. See also Blacker v. Rod, D.C.Mun.App., 87 A.2d 634.

■ With those general rules in mind we think it cannot be held on this appeal that the trial court abused its discretion in refusing to vacate the judgment. There was indeed a long period of inaction by the defendant: he let a whole year go by without making any move to defend the suit. Perhaps if he were not a lawyer there would be reason to say that when he sent the papers to his counsel he had a right to assume that an answer would be filed and the case defended. But a defendant who is himself a lawyer may reasonably be expected to watch his own case and at least make inquiry of his counsel as to what steps are being taken to defend it. Here, there seems to have been a misunderstanding on the part of counsel as to whether he was actually being asked to defend this case. In the circumstances, we cannot say that the trial court committed an abuse of discretion in ruling as it did.

It is unnecessary to consider the plea of limitations or other matters of defense referred to in appellant's brief.

Affirmed.