R. C. BURLESON, Appellant,

v.

Therese R. BURLESON, Appellee.

No. 5517.

District of Columbia Court of Appeals.

Argued April 20, 1971.

Decided May 28, 1971.

Francis J. Skiba, Washington, D. C., of the bar of the state of Wisconsin, pro hac vice, by special leave of court, for appel-

lant, William A. Burleson, Washington D. C., was on the brief.

Charles L. Aulette, Washington, D. C., for appellee.

Before KELLY, PAIR and YEAGLEY, Associate Judges.

KELLY, Associate Judge:

Appellee, the surviving widow of Charles A. Burleson, brought suit against the Metropolitan Life Insurance Company to recover $9,000 in insurance proceeds as the designated beneficiary under the Federal Employees' Group Life Insurance Act of 1954.[1] Appellant, father of the deceased, intervened, contesting her right to receive the proceeds. This appeal is from the grant of the widow's motion for summary judgment.[2] We affirm.

Charles A. Burleson, a foreign service employee of the Department of State, married Therese Lemercier on July 11, 1962. Prior to the marriage Charles had written:

> In the event of my death, I desire that any insurance and/or any money due me from the US Government be divided equally between my father, Mr R C Burleson. Rt. 1, Bakersville, N. C. and Madame Therese' Lemercier of 9 rue Dorian, Paris (12 eme) France [3]

Subsequent to the marriage, on August 12, 1962, Charles executed a standard designation of beneficiary form under the Federal Employees' Group Life Insurance Act designating his wife, Therese R.

Burleson, as sole beneficiary of the entire life insurance proceeds in the event of his death. This designation was in effect at the time of his death by suicide on August 28, 1967.

The father concedes, as he must, that under the Act [4] life insurance proceeds are to be paid, in order of preference:

> First, to the beneficiary or beneficiaries designated by the employee in a signed and witnessed writing received before death in the employing office * * *. For this purpose, a designation, change, or cancellation of beneficiary in a will or other document not so executed and filed has no force or effect.

> Second, if there is no designated beneficiary, to the widow or widower of the employee.[5]

He also recognizes that literal compliance with the statute is required when designating or changing beneficiaries. Adams v. Macy, 314 F.Supp. 399 (D.C.Md.1970); Pekonen v. Edgington, 298 F.Supp. 158 (E.D.Cal.1969). Cf. Stribling v. United States, 419 F.2d 1350 (8th Cir. 1969). He nevertheless attempts to find an ambiguity in the designation because his address is listed as that of the beneficiary; namely, "c/o R. C. Burleson, Box 91, Bakersville, N. C.," This fact, the father argues, could mean that it remained Charles' intention that at his death the life insurance proceeds be shared by his father and his widow, just as he had provided in his prior written statement.

---

1. 5 U.S.C. § 8701 et seq. These proceeds, by permission of the court, were deposited in the court's registry pending determination of the conflicting claims.

2. The matter was to be submitted on cross-motions for summary judgment but the appellant-father's motion was withdrawn prior to hearing. A motion to transfer the case to the Superior Court of North Carolina was also filed.

3. The statement is quoted verbatim. In this litigation appellee refused to admit the genuineness of this document and now

argues that it cannot be considered in this court. It has apparently been filed in North Carolina as the decedent's last will and testament.

4. 5 U.S.C. 8705(a).

5. The father's claim, if we understand it, is that in the event that the designation of beneficiary is void, appellee would not then be entitled to receive the insurance proceeds as the surviving widow because of certain provisions of the North Carolina probate law.

■ We find the argument without substance. It is routine in matters of this import for a foreign service officer, periodically transferred to a new duty station, to maintain a permanent home address for himself and his wife.[6] Indeed, according to the father, Charles had always claimed North Carolina as his domicile and his estate is being probated there despite the fact that he died while a resident of Washington, D. C. Nothing in the record suggests that the address listed on the beneficiary form is anything more than a convenient address where the proceeds could be sent to the widow in the event of Charles' death, and we must therefore conclude that the father strains to seek an ambiguity in the designation where none exists.

■ The father also argues that he is entitled to present evidence that undue influence was used by the widow and her attorney "acting in collusion with the State Department" to prevent his son from changing the designation of beneficiary. His argument is based upon language contained in a typewritten, unsigned statement[7] allegedly found in the decedent's effects that

I do not want Therese to get all the benefits from my death. I have asked Personnel in the Department to make my father and family beneficiary of my life insurance and retirement but Therese's lawyer represents the Department, as as yet the Department has not done it.

■ Assuming such an argument has any validity, it cannot be advanced without any factual support in the record. A factual dispute is not created by filing in the record a document consisting of inadmissible hearsay statements. On summary judgment the trial court is to consider the pleadings, depositions, answers to interrogatories, and admissions on file, together with any supporting or opposing affidavits, in determining the existence of a genuine issue of material fact.[8] A request for admissions was filed in this case and the widow admitted the authenticity and genuineness of only one document out of sixteen, the standard designation of beneficiary form.[9] It was therefore the only one of those documents properly before the court at the hearing on the motion, and the remainder, where admissible at all, were neither relevant nor material to the factual issues which the father attempted to raise in opposition to summary disposition of the case.

Accordingly, the judgment of the trial court is

Affirmed.

---

6. The form was actually executed and witnessed in the American Embassy, Saigon, Viet Nam.

7. Appellee also refused to admit the genuineness of this document, which is also quoted verbatim. *See* note 3.

8. GS Civ.Rule 56(c) (1964), which was then in effect. *See also* Rule 56(e), which provides
   * * * [w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

9. The curious fact that one of the father's attorneys filed an Answer to Request for Admissions as "attorney for the Deceased", admitting the genuineness of all the documents, with some additional commentary, has no bearing on the case.