**Leroy W. WHITE, Appellant,**

v.

**GROUP HEALTH ASSOCIATION, INC., Appellee.**

**No. 6145.**

District of Columbia Court of Appeals.

Argued April 24, 1972.

Decided Sept. 11, 1972.

Arthur S. Meisnere, Washington, D. C., for appellant.

Christopher Sanger, Bethesda, Md., for appellee.

Before KELLY and NEBEKER, Associate Judges, and HOOD, Chief Judge, Retired.

HOOD, Chief Judge, Retired:

Appellant, a government employee, prior to 1960 enrolled for hospital and surgical

benefits under the Blue Cross and Blue Shield plan for government employees, but in June 1960 he elected to change his membership to Group Health Association, Inc., (GHA) under the contract between GHA and the federal government. In 1968 appellant's son was seriously injured and was a patient at D. C. General Hospital for several months, then at George Washington University Hospital for over a year, and finally at University Nursing Home until his death in December 1970. His hospital and surgical costs exceeded $20,000 and were paid by GHA.

In addition to his membership in GHA, appellant since 1967 had insurance under a group policy issued by Continental Casualty Company, insuring members of the Veterans of Foreign Wars (VFW). This policy provided for a daily in-hospital indemnity of $20 per day up to a maximum of 365 days. Appellant had executed an assignment of insurance benefits, covering both GHA and VFW, to the District of Columbia when his son was in D.C. General Hospital, and early in 1970, VFW sent a check for $1,949.25 to the District of Columbia. As GHA had paid all the bills at D. C. General Hospital, the District of Columbia disclaimed any right to the funds represented by the VFW check. When both appellant and GHA claimed to be entitled thereto, the District of Columbia commenced this action by depositing the money in court and impleading the two claimants. Both claimants asserted a right to the funds and in addition thereto GHA sought recovery from appellant of the sum of $5,340 which VFW had previously paid appellant on account of charges at George Washington University Hospital, which charges had been paid in full by GHA.

The trial court gave judgment to GHA both for the $1,949.25 deposited in court and on its claim against appellant for $5,340. Appellant says this was error.

We first dispose of a procedural matter. After the pleadings were completed and appellant's deposition had been taken, GHA moved for summary judgment in its favor. Appellant failed to file opposition to the motion, and the trial court, "after due consideration of the aforesaid motion", granted summary judgment. Thereafter appellant moved to vacate the judgment on the ground that his attorney had needed additional time to answer the motion but being "extremely busy" had "inadvertently neglected" to seek an extension of time for answering. On the day that summary judgment was granted, appellant's attorney had filed an opposition to the motion. The trial court heard argument and after consideration concluded that "its initial decision on the merits" was correct and denied the motion to vacate the summary judgment.

Appellant devotes a considerable part of his brief to Rules 55 and 60 of the trial court, relating to default judgments and relief therefrom, but the record is clear that the summary judgment was not a default judgment but was rendered only after consideration of the merits, and the motion to vacate was in effect treated as a motion for reconsideration. It is evident that summary judgment was granted on the merits and not by reason of appellant's original failure to oppose it. The question for us is whether the trial court was correct in granting summary judgment.

■ We agree with the trial court there was no dispute as to any material issue of fact. The sole question is the interpretation to be given a so-called "double-coverage" provision in § 2:5(5) of the by-laws of GHA.[1] This provision reads as follows:

Any person accepting medical or dental treatment or attendance or hospitalization services procured by GHA shall be

---

1. This bylaw was adopted in June 1961 after appellant had joined GHA, and we have no doubt it was binding upon him. For a lengthy discussion of the nature

and the operations of GHA, see Jordan v. Group Health Ass'n, 71 U.S.App.D.C. 38, 107 F.2d 239 (1939).

deemed by so doing to have . . . (5) agreed that, if the member or dependent receives benefits under an accident or health plan, other than through a plan of GHA, for services provided at GHA's expense, GHA reserves the right to obtain reimbursement from the member (and/or dependent) for the cost of the services provided (and/or the reasonable value of the services provided) . . . with the proviso, however, that benefits received from such third source which are predicated solely on items of special damages (such as loss of income) which cannot be allocated to hospital and/or medical expenses shall not be subject to a claim for reimbursement by GHA; . . .

The VFW policy contained the following provision:

PAYMENT OF CLAIMS.

. . . all or a portion of any indemnities provided by the policy on account of hospital, nursing, medical or surgical service may, at the Company's option and unless the Insured requests otherwise in writing not later than the time for filing proof of such loss, be paid directly to the hospital or person rendering such services, . . .

A reading of the GHA bylaw and the provision of the VFW policy convinces us they are clear as to their intent and purpose. The provision of the bylaw was designed to meet just such a situation as the one presented here, and the provision of the VFW policy places the benefits received under it squarely within the category of benefits to which GHA is entitled. The result, from appellant's viewpoint, may appear harsh,[2] but the harshness of the result is not sufficient to relieve appellant from the provisions in question where the terms of those provisions clearly dictate the result.[3]

Affirmed.

2. Barmeier v. Oregon Physicians Service, 194 Or. 659, 243 P.2d 1053 (1952).

3. Anderson v. Group Hospitalization, Inc., D.C.App., 203 A.2d 421 (1964).