**Joseph BERMAN, Appellant,**

v.

**GROUP HEALTH ASSOCIATION, INC.,**
**Appellee.**

**No. 7356.**

District of Columbia Court of Appeals.

Argued Dec. 6, 1973.

Decided March 20, 1974.

Rehearing Denied April 3, 1974.

Joseph Berman, pro se.

Joel Savits, Washington, D. C., with whom William H. Seckinger, Washington, D. C., was on the brief, for appellee.

Before GALLAGHER, PAIR and YEAGLEY, Associate Judges.

PAIR, Associate Judge:

This appeal is from a judgment entered in the Civil Division of the Superior Court granting Group Health Association (GHA) recovery for money received by appellant under a health insurance policy with another insurer. Appellant makes numerous claims of error but we find it necessary to consider only whether the court erred in (1) granting GHA's motion for partial summary judgment, and (2) denying him a jury trial.

GHA complained against appellant demanding "any payments or benefits received by him under any accident or health plan other than that of G.H.A." In his answer to the complaint, appellant admitted that he had received benefits under a health and accident insurance policy carried by the Aetna Life and Casualty Company, but insisted that he, not GHA, was entitled to the moneys.

By Article II, Section 2:5(5) of the By-laws of GHA, it was provided:

Any person accepting medical or dental treatment or attendance or hospitalization services procured by GHA shall be deemed by so doing to have . . . (5) agreed that, if the member or dependent receives benefits under an accident or health plan, other than through a plan of GHA, for services provided at GHA's expense, GHA reserves the right to obtain reimbursement from the member (and/or dependent) for the cost of the services provided (and/or reasonable value of the services provided) . . . .

■ The validity of such a provision was upheld in White v. Group Health Association, D.C.App., 294 A.2d 870 (1972). Appellant contends, however, that *White* is distinguishable because his was an individual contract with GHA and not a *group* health contract as was the case in *White*. Appellant, for reasons best known to himself, did not append a copy of the contract to his opposition to the motion for partial summary judgment as required by Super. Ct.Civ.R. 56(e), and it does not appear that any such contract was ever brought to the attention of the trial court. We cannot, of course, consider any matter not of record.[1]

Thus, on the record brought here, there was no genuine issue of material fact such as would have precluded the grant of partial summary judgment on the issue of appellant's liability to GHA.

■ While the entry of the summary judgment determined that appellant was answerable to GHA for some amount, it did not determine the amount. Thus, the extent of appellant's liability to GHA remained the subject of inquiry. Barber v. Turberville, 94 U.S.App.D.C. 335, 218 F.2d 34 (1954).[2] The trial court thereupon caused the case to be set down on the non-jury calendar for trial on the issue of damages only, and at the completion thereof a judgment in the amount of $1,203.11 was entered in favor of GHA.

■ What the record discloses, however, is that appellant filed a timely demand for a jury trial and that a deposit was accepted by the clerk of the court. Such a trial is basic under the Seventh Amendment to the Constitution, and the action—whether characterized as one for the recovery of moneys or a suit on a contract—is triable by jury. See Simler v. Conner, 372 U.S. 221, 83 S.Ct. 609, 9 L. Ed.2d 691 (1963). See also 47 Am.Jur.2d Jury §§ 42–44 (1969). There is no showing in the record that appellant withdrew his demand for a jury trial nor is there any showing of a waiver—expressed or implied—of the jury trial which had been demanded.

Because the record is barren as to the reason, if any, for denying appellant a jury trial, we vacate the judgment as to damages and remand the record with directions to reinstate the jury demand and for further proceedings not inconsistent with this opinion.

Affirmed in part, reversed in part, and remanded.

1. Dietz v. Miles Holding Corp., D.C.App., 277 A.2d 108, 110 n. 3 (1971).

2. *See also* Aetna Ins. Co. v. Kennedy, 301 U.S. 389, 57 S.Ct. 809, 81 L.Ed. 1177 (1937).