**ALGER CORPORATION et al.,**
**Appellants,**

**v.**

**L. Stuart WESLEY, surviving trustee under the Will of Isabel S. Wesley,**
**Appellee.**

**No. 9493.**

District of Columbia Court of Appeals.

Argued Dec. 3, 1975.

Decided April 2, 1976.
Rehearing and Rehearing En Banc
Denied June 29, 1976.

---

1. D.C.Code 1973, § 1–1501 *et seq.*

2. D.C.Code 1973, § 1502(8).

Edward DeV. Bunn, Arlington, Va., for appellants.

Arthur C. Elgin, Jr., Washington, D. C., with whom Thomas S. Jackson, Washington, D. C., was on the brief, for appellee.

Before FICKLING, KERN and GALLAGHER, Associate Judges.

KERN, Associate Judge:

Appellants bring this appeal from a judgment awarding appellee $28,318.39 plus interest in damages on a note executed by appellants in favor of appellee's decedent. Three errors are alleged: (1) the trial court's entry of summary judgment in fa-

vor of appellee on the issue of appellants' liability on the note, (2) the trial court's refusal to set aside the summary judgment and to permit appellants to amend their pleadings and raise several defenses omitted from the initial answer, and (3) the court's exclusion at the trial on the issue of damages of certain documents and testimony of a deceased declarant.

On July 30, 1962, appellant Alger Corporation executed a note in favor of Mrs. Isabel S. Wesley in the amount of $28,615.50 with interest at the rate of 6% per annum. The note was given to liquidate Mrs. Wesley's interest in the Admiral Hotel Corporation. Appellants General Management Corporation and Admiral Hotel Corporation were guarantors of the note. The principal and interest due on the note were payable in monthly installments of $150.00, and the entire balance of the note was due on July 30, 1968.

Mrs. Wesley died in November 1966, and appellee is the trustee under her will. Accordingly, appellee brought suit on the note on May 7, 1971, alleging that no payments had been made since January 1, 1966, and that $28,318.39 plus interest from January 1, 1966 was due.[1] Appellants answered the complaint on May 26, 1971, generally denying liability on the note and asserting without elaboration that they had a valid defense to appellee's claim.

Appellee moved for summary judgment pursuant to Super.Ct.Civ.R. 56 on July 21, 1971. In the attached statement of material facts as to which there is no genuine issue, Super.Ct.Civ.R. 12–I(k), appellee recited the making and guaranteeing of the note and the absence of payments from January 1, 1966, on. In opposition to this motion, appellants filed a response on August 6, 1971, asserting, again without elaboration, that they had a valid defense. No

affidavit or statement of facts as to which there is a genuine issue was filed by appellants. See Super.Ct.Civ.R. 12–I(k) and 56.

On August 31, appellants did file a statement of material facts and attached an affidavit of Frank Calcara, President of the Alger Corporation, raising two material issues of fact. The statement alleged that as part of the agreement made at the time of executing the subject note, the parties agreed to share equally any tax liability arising from the sale of a hotel owned by the Admiral Hotel Corporation. Subsequently a tax liability of $200,000 was assessed against the corporation, which was later settled for $11,000 plus $10,000 in fees.[2] Consequently appellants alleged there existed an issue as to this counterclaim against appellee for one-half of $21,000. As a second factual issue, appellants stated that nine properties transferred from Mrs. Wesley to appellants as part of the transaction that produced the note suffered from housing code violations that cost appellants $27,000 to repair. According to appellants, this gave rise to a "cross-claim" against appellee in the amount of $27,000.

At the same time as the statement of material facts was filed, appellants filed an amendment to their answer and a counterclaim, raising the same two issues and claims discussed above. The court evidently treated this as a motion for leave to amend their pleading under Super.Ct.Civ.R. 15(a). See also Super.Ct.Civ.R. 13(f).

By order entered September 7, 1971, the court resolved most of the pending motions in this case. The court granted summary judgment to appellee on the issue of appellants' liability on the note, but left for trial the issue of damages. Appellants were allowed to amend their answer and to counterclaim with respect to appellee's alleged

---

1. Payments made prior to January 1, 1966, had reduced the amount owing under the note to $28,318.39.

2. The trial court's findings of fact based on the testimony adduced at trial indicated that

the true figures were a $213,000 assessment settled for $10,185.07 principal plus $5,296.23 interest, with legal fees of $13,366.75 for a total of $28,848.05.

tax liability, but not with respect to appellee's liability for housing code violations.[3]

Appellants then moved to set aside the judgment and for leave to file an amended answer and counterclaim raising issues of statute of limitations and laches, lack of consideration for the note, conditional delivery of the note, mutual mistake of fact, and misrepresentation. This motion was denied December 30, 1971, but leave was granted for appellants to file a counterclaim pursuant to the order of September 7, 1971.[4]

The question of damages was finally tried on February 10, 1975, the only issue being the amount due on the note after any set-off against the note due to appellants' counterclaims. Appellants attempted to admit into evidence documents and statements made by one Vinton Lee, Mrs. Wesley's deceased attorney, concerning the uncollectibility of the note, possible set-offs against the note, and his agreement to hold the corporation harmless as to any taxes from the sale of the hotel. These statements were ruled inadmissible hearsay and were either excluded or stricken from the record. No testimony was offered regarding appellants' claim for damages due to housing code violations. Accordingly, the court concluded as a matter of law that appellants failed "to make a *prima facie* case for any set-off against the balance due on the note," and judgment was entered for appellee in the amount of $28,318.39 plus interest.

■ Appellants argue that summary judgment as to liability was improperly granted here because appellants' attorney had raised, albeit inartfully, certain affirmative defenses to their liability on the note, and thus there existed genuine issues as to material facts. Summary judgment is appropriate only when the pleadings and affidavits in the case "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Super.Ct.Civ.R. 56(c). An award of summary judgment will be reversed where material issues are raised by the party opposing the motion, and where there are factual issues that must be resolved. *See, e. g., Early Settlers Insurance Co. v. Schweid,* D.C.App., 221 A.2d 920 (1966); *Corson & Gruman Co. v. Zuber,* D.C.Mun.App., 152 A.2d 566 (1959); *White v. Luber,* D.C.Mun.App., 144 A.2d 774 (1958).

■ In the instant case, we conclude that the trial court correctly ruled, based on the pleadings and affidavits before him, that no genuine issue of fact existed as to appellants' liability on the note. At the time of this order, appellants had not denied the execution of the note, nor had they raised any defenses going to the validity of the note itself. Although appellants in their answer claimed to have a valid defense, none was actually asserted in the pleadings or by way of affidavit. The two counterclaims raised in appellants' statement of material facts were not defenses to the note but were claims allegedly related to the transaction involving the note which might have operated as a set-off to reduce the amount of money owing to appellee. Since appellants raised no

3. Pursuant to their motion, the court on November 8, 1972, allowed appellants to counterclaim with respect to appellee's alleged liability for housing code violations. This counterclaim was asserted in an amended pleading which evidently was filed on November 20, 1972. Certain portions of this pleading were stricken by order of the court on January 23, 1973, for exceeding the authority granted by prior court orders.

4. Appellants on January 11, 1972, moved for reconsideration of the court's order of September 7, 1971. This motion was denied "with prejudice" on March 10, 1972. Appellants then filed their amended answer and counterclaim on March 24, 1972, raising the issues of statute of limitations and laches, insufficiency of consideration, conditional delivery, mutual mistake of fact and misrepresentation, as well as asserting the counterclaim for appellee's alleged tax liability. Appellee's motion to strike the defenses not authorized under the order of September 7, 1971, was granted September 19, 1972.

genuine issue as to appellants' liability on the note, the court did not err in granting partial summary judgment. *See Berman v. Group Health Association, Inc.,* D.C.App., 316 A.2d 863 (1974), *cert. denied,* 419 U.S. 842, 95 S.Ct. 75, 42 L.Ed.2d 70 (1975); *Dillard v. Travelers Insurance Co.,* D.C. App., 298 A.2d 222 (1972); *Burleson v. Burleson,* D.C.App., 277 A.2d 647 (1971).

■ Appellants admit that the defenses of statute of limitations, laches, lack of consideration, conditional delivery, and mistake of fact were not expressly raised prior to the grant of summary judgment, but they attempt to argue that such defenses were apparent from the face of the note and were implied by their allegation that appellee was liable for one-half of the taxes assessed. We disagree, for we believe that a trial court has no obligation to look outside the parties' pleadings or to read into the record issues that are not expressly raised. Since appellants did not bring to the attention of the court any legally viable defense to their liability on the note, appellants failed to establish the existence of material facts, and summary judgment was appropriate. *See Berman v. Group Health Association, Inc., supra; Dillard v. Travelers Insurance Co., supra.*

■ In support of their second contention that the trial court erred in not setting aside the summary judgment and permitting an amendment of the pleadings, appellants argue that each of the defenses they planned to raise in the amended pleading would have constituted a genuine issue of material fact, precluding the entry of summary judgment. Appellants' likelihood of success on the merits if they are permitted to raise new defenses is not the standard by which we review a court's failure to set aside a judgment under Super.Ct.Civ.R. 60(b). Rather, we must find an abuse of discretion on the part of the trial court in order to reverse the court's ruling. *See*

*Barr v. Rhea Radin Real Estate, Inc.,* D. C.App., 251 A.2d 634 (1969); *Bridoux v. Eastern Air Lines,* 93 U.S.App.D.C. 369, 214 F.2d 207, *cert. denied,* 348 U.S. 821, 75 S.Ct. 33, 99 L.Ed. 647 (1954).

We find no such abuse in the particular circumstances of this case. Appellants assert that their situation falls within Rule 60(b), which allows relief for "(1) mistake, inadvertence, surprise, or excusable neglect . . . or (6) any other reason justifying relief from the operation of the judgment." But appellants make no allegations of any mistake, inadvertence, or neglect which might excuse their failure to raise certain defenses before the judgment was entered. At most, appellants concede that the pleadings "are not the best drawn documents," but make no attempt to explain or justify their failings. Since there was no showing of fraud or misconduct on the part of appellants' original attorneys,[5] and appellants have not excused their lack of diligence in asserting valid defenses to appellee's claim, relief under Rule 60(b)(1) was properly denied. *See Calvert Credit Corporation v. Foster,* D.C.App., 252 A.2d 521 (1969); *Railway Express Agency, Inc. v. Hill,* D.C.App., 250 A.2d 923 (1969); *Brown v. Cooke,* D.C.App., 219 A.2d 256 (1956).

■ The trial court also properly refused to set aside this summary judgment pursuant to Rule 60(b)(6). As we noted in *Jones v. Hunt,* D.C.App., 298 A.2d 220, 221–22 (1972), in reviewing a refusal to set aside a default judgment pursuant to Rule 60(b)(6):

[E]ach case must be evaluated in light of its own particular facts after consideration of the following factors: did the movant (1) have actual notice of the proceeding; (2) act in good faith; (3) present a *prima facie* adequate defense; and (4) act promptly. Prejudice to the

---

5. The original attorneys withdrew as counsel on November 24, 1971, and present counsel conducted the trial and appeal.

non-moving party should also be considered.

Here appellants did have actual notice and in fact did respond, albeit incompletely. Despite their opportunity to do so, appellants failed to raise a *prima facie* adequate defense to their liability on the note. Although appellants did act promptly in requesting that the motion be set aside, the prejudice to appellee in being forced to relitigate the issues after this length of time nevertheless would be great. All of these factors compel us to conclude that the trial court did not abuse its discretion in refusing to set aside the judgment in this case.[6]

Finally, appellants urge reversal of the judgment below because the trial court excluded certain evidence at the trial on the issue of damages. The evidence in controversy consisted of oral statements and written notations on documents made by Mrs. Welsey's attorney, who was deceased at the time of the trial. Since these statements were made out-of-court by a witness not under oath, and since appellants cite no exceptions to the hearsay rule allowing their admission in evidence, the testimony and documents were properly excluded.

Accordingly, the judgment is

*Affirmed.*

6. We also are not persuaded that the court erred in refusing to grant appellants leave to amend their answer and raise new defenses pursuant to Super.Ct.Civ.R. 15(a). The request was made *after* summary judgment was entered on the issue of liability, so there was no reason for allowing an amendment which would raise issues precluded from litigation by the prior judgment. Consequently we cannot say the court abused its discretion in denying this motion. *See Autocomp, Inc. v. Publishing Computer Service, Inc.,* D.C. App., 331 A.2d 338 (1975).