The **PSYCHIATRIC INSTITUTE OF WASHINGTON, D. C.,** a District of Columbia Corporation, Appellant,

v.

**DOCTORS HOSPITAL, INC.,** a District of Columbia Corporation, Appellee.

No. 9820.

District of Columbia Court of Appeals.

Argued March 10, 1976.

Decided May 19, 1976.

---

William D. Appler, Silver Springs, Md., for appellant. Richard W. Boone, Washington, D. C., also entered an appearance for appellant.

Michael B. McGovern, Washington, D. C., with whom George H. Clark and William E. Constable, Washington, D. C., were on the brief, for appellee.

Before REILLY, Chief Judge, and FICKLING and MACK, Associate Judges.

FICKLING, Associate Judge:

Doctors Hospital, Inc., (hereafter DHI) sought damages from The Psychiatric Institute of Washington, D.C. (hereafter PIW), for an alleged breach of a sublease.

The court below granted DHI's motion for summary judgment on the issues of liability and damages. On appeal, PIW contends that the granting of summary judgment was error because of the existence of a dispute as to several material facts. We reverse and remand for trial.

Summary judgment is appropriate only when the pleadings and affidavits in the case show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. *Yates v. District Credit Clothing, Inc.,* D.C.App., 241 A.2d 596, 598 (1968); Super.Ct.Civ.R. 56(c).[1] An award of summary judgment will be reversed where material issues are raised by the party opposing the motion and where there are factual issues that must be resolved. *Alger Corporation v. Wesley,* D.C. App., 355 A.2d 794 (1976); *Early Settlers Insurance Co. v. Schweid,* D.C.App., 221 A.2d 920 (1966); *Corson & Gruman Co. v. Zuber,* D.C.Mun.App., 152 A.2d 566 (1959). Moreover, "one who moves for summary judgment has the burden of demonstrating clearly the absence of any genuine issue of fact, and . . . any doubt as to the existence of such an issue is resolved against the movant." *Wittlin v. Giacalone,* 81 U.S.App.D.C. 20, 21–22, 154 F.2d 20, 21–22 (1946), as quoted in *Malcolm Price, Inc. v. Sloane,* D.C.App., 308 A.2d 779, 780 (1973). Our question is whether the record discloses any genuine issue of fact.

The following facts appear to be undisputed. On February 8, 1972, following extensive negotiations, PIW subleased from DHI the entire eighth floor of a building located at 1143 New Hampshire Avenue, N.W., for use as a psychiatric hospital facility. The sublease was for a two-year

---

1. Super.Ct.Civ.R. 56(c) provides:

    (c) *Motion and Proceedings Thereon.* The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, to-gether with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

period running from April 1, 1972, to March 31, 1974, and PIW agreed to pay monthly rent of $10,228.

At all times during the sublease negotiations, both parties were aware that PIW was in the process of constructing an additional psychiatric facility at 4460 MacArthur Boulevard, N.W. Moreover, both parties were apparently aware that there was a possibility the new facility would be completed before the end of the two-year sublease term. The only provision allowing termination of the sublease prior to March 31, 1974, is contained in Paragraph 2(b) which provides:

> (b) In the event Subtenant is not granted a hospital license or other necessary government approval for the operation of a psychiatric hospital in the Demised Premises, *or in the event the license of Subtenant is cancelled or not renewed through no fault of Subtenant,* or in the event Group Hospitalization, Inc. refuses to include in its contract with Subtenant coverage for Subtenant's facilities within the Demised Premises, Subtenant may cancel this sublease upon thirty (30) days' notice in writing to Prime Tenant. *Subtenant covenants and agrees to use its best efforts to obtain such a license or other government approval and to maintain said license in good standing.* [Emphasis added.]

PIW began occupying the subleased premises as a psychiatric hospital on April 1, 1972, pursuant to a license issued by the District of Columbia. PIW continued to occupy the premises and to pay rent to DHI until December of 1973, when construction on the MacArthur Boulevard facility was completed. On December 5, 1973, the date of the issuance by the District of a Removal Permit,[2] PIW quit the subleased premises and, thereafter, refused to pay rent for the four months remaining on the original sublease term.

DHI brought suit for damages alleging that PIW had breached the sublease by refusing to pay the last four months' rent. After PIW answered the complaint, DHI moved for summary judgment pursuant to Super.Ct.Civ.R. 56. In support of its motion, DHI attached a Statement of Material Facts Which Are Not In Dispute, Super. Ct.Civ.R. 12-I(k).[3] In opposition, PIW filed a response along with its 12-I(k) statement, asserting the existence of a dispute as to several material facts. On the basis of the pleadings, the 12-I(k) statements, and interrogatories, the trial court granted summary judgment in favor of DHI. This appeal followed.

2. Section 8–7:106 of the District of Columbia Health Regulations provides:

8–7:106 REMOVAL PERMIT. No hospital or part thereof shall move from the premises for which a license has been issued to any other premises without first having obtained from the Director a permit to move to the premises not covered by the license issued to such hospital. Such permit shall indicate on its face such special conditions governing the moving of the hospital or part thereof as the Director may find to be in the interest of the public health. [As amended 7/27/66.]

3. Super.Ct.Civ.R. 12–I(k) provides:

(k) Motions for Summary Judgment. In addition to the points and authorities required by subparagraph (e) of this rule, there shall be served and filed with each motion for summary judgment pursuant to Rule 56 a statement of the material facts as to which the moving party contends there is no genuine issue. Any party opposing such a motion may, within ten days after service of the motion upon him, serve and file a concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated. In determining any motion for summary judgment, the court may assume that the facts as claimed by the moving party are admitted to exist without controversy except as and to the extent that such facts are asserted to be actually in good faith controverted in a statement filed in opposition to the motion. Any statement filed pursuant to this section of this rule shall include therein references to the parts of the record relied on to support such statement and shall be a part of the record.

PIW contends that there were at least two vital, unresolved questions of fact, the resolution of which would determine whether conditions existed which would absolve it of its liability under the sublease. First, was the license cancelled through no fault of PIW? Second, did PIW use its "best efforts" to maintain the license in good standing?[4]

DHI avers in its Statement Of Material Facts Which Are Not In Dispute that PIW was issued an unconditional, unrestricted license to operate a psychiatric hospital on the subleased premises. DHI asserts that upon completion of the MacArthur Boulevard facility, PIW applied for a license which would permit full occupancy of the new hospital. DHI further asserts that in order to obtain this new license, PIW proposed a plan whereby it would transfer its beds from the subleased premises to the new facility. Pursuant to this alleged proposal, the District of Columbia issued a Removal Permit authorizing PIW to remove all beds from the subleased premises. Both parties agree that PIW failed to take an administrative appeal from the issuance of the Removal Permit.

PIW's version of the facts surrounding its departure from the subleased premises varies materially from that set out above. In its statements filed in opposition to the motion for summary judgment, PIW contends that the license to operate the subleased premises was provisional, restricted, and limited. PIW asserts that the license to operate the subleased premises was issued by the District on an interim basis, as part of an overall licensure plan agreed upon in 1971 involving the MacArthur Boulevard facility. According to PIW, this overall licensure plan provided for imme-

diate delicensure of the subleased premises upon completion of the MacArthur Boulevard construction. PIW supports its interpretation of the operative facts by including in the record a copy of its letter of January 24, 1972, to the District. In this letter, PIW cited MacArthur Boulevard construction delays and requested a license amendment which would permit *temporary* use of the subleased premises as a psychiatric facility. PIW contends that due to the prior licensure plan, the temporary license automatically lapsed upon completion of the MacArthur Boulevard facility. Moreover, PIW asserts that despite its failure to take an administrative appeal from the issuance of the Removal Permit, it "actively sought" to maintain the license and had "consistently requested" permission to continue its operations at the subleased premises.

■ It thus appears that there were at least two vital, unresolved questions of fact concerning PIW's right to terminate the sublease pursuant to Paragraph 2(b). The first concerns the nature and effect of the license granted by the District for the subleased premises. The second is whether PIW utilized its "best efforts" to maintain the license in good standing.[5] As to the latter dispute, this court has held that the use of summary judgment is inappropriate when such factors as motive, intent, and other subjective feelings and reactions are necessary instruments in obtaining the truth. *See White v. Luber*, D.C.Mun.App., 144 A.2d 774, 776 (1958); 6 (Pt. 2) J. Moore, Federal Practice § 56.17[41.–1] at 56–930.

Accordingly, we reverse the judgment of the trial court and remand for trial.

*Reversed and remanded.*

---

4. In view of our disposition of this matter, we need not consider other asserted disputes of material fact which may exist in this case.

5. We would note that although the trier of fact may consider PIW's failure to adminis-

tratively appeal the District's issuance of the Removal Permit, this failure in and of itself certainly does not establish lack of "best efforts" as a matter of law.