**Gertrude TURNER, Appellant,**

v.

**AMERICAN MOTORS GENERAL CORP., Appellee.**

**No. 12373.**

District of Columbia Court of Appeals.

Argued March 16, 1978.

Decided Oct. 16, 1978.

Philip G. Sunderland, Washington, D. C., with whom Bruce J. Terris and Eleanor M. Granger, Washington, D. C., were on briefs, for appellant.

Richard W. Boone, Washington, D. C., with whom Lawrence E. Carr, Jr., Washington, D. C., was on brief, for appellee.

Before KELLY, NEBEKER and FERREN, Associate Judges.

KELLY, Associate Judge:

■ Appellant Gertrude Turner, a Metrobus passenger, sought in the trial court to recover damages from appellee and the Washington Metropolitan Area Transit Authority (WMATA) for injuries received in a fall on a Metrobus in November 1974. After extensive pretrial discovery, appellee moved for summary judgment. The motion was granted and this appeal followed.[1] Appellant contends here that the trial court erred in entering judgment for appellee, arguing, specifically, that her claim of negligent design and appellee's defense of contributory negligence raised questions of fact that should have been decided by a jury. We agree and therefore reverse.

The alleged facts of the accident, which are materially undisputed, are that on November 1, 1974, appellant, an 87-year-old woman, boarded a bus owned and operated by WMATA and manufactured by appellee. Immediately before her injury, appellant was seated on the right side of the bus next to the aisle in the first row of seats. These seats are perpendicular to the aisle. As the bus approached her stop, appellant stood and reached for the bell cord which was located above the windows. There was no pole for appellant to grasp while she was standing and reaching for the cord. The bus driver suddenly applied the brakes and appellant was thrown to the floor. She struck her head against the back of the driver's seat, suffering injuries to her head, shoulders and hip.

■ In reviewing the trial court's summary judgment ruling on the facts, we must be assured not only that no issue of material fact existed but also that the prevailing party was legally entitled to the judgment. *Owens v. Tiber Island Condominium Ass'n,* D.C.App., 373 A.2d 890, 894 (1977); *International Underwriters, Inc. v. Boyle,* D.C.App., 365 A.2d 779, 782 (1976). *See* Super.Ct.Civ.R. 56(c). It is the moving party who must demonstrate the absence of a genuine question of fact, *Burch v. Amsterdam Corp.,* D.C.App., 366 A.2d 1079 (1976); *International Underwriters, Inc. v. Boyle, supra; Doolin v. Environmental Power Ltd.,* D.C.App., 360 A.2d 493 (1976), and any doubt as to the existence of a factual dispute is to be resolved against the movant. *International Underwriters, Inc. v. Boyle, supra; Doolin v. Environmental Power Ltd., supra; Psychiatric Institute of Washington, D.C. v. Doctors Hospital, Inc.,* D.C.App., 357 A.2d 405 (1976); *Alger Corp. v. Wesley,* D.C.App., 355 A.2d 794 (1976). In determining whether an issue of fact exists, our examination must take into account the pleadings, depositions, and admissions on file together with any affidavits. *Burleson v. Burleson,* D.C.App., 277 A.2d 647 (1971); *Early Settlers Insurance Co. v. Schweid,* D.C.App., 221 A.2d 920 (1966); *see Washington v. Government of the District of Columbia,* D.C.Mun.App., 152 A.2d 191, 192 n. 2 (1959). In the instant case, we conclude that the various pleadings, the interrogatories and answers thereto, and the affidavit and deposition of appellant raise factual questions of appellee's

---

1. Appellant's claims against WMATA were settled in the trial court.

negligent design of the Metrobus in question and of appellant's contributory negligence.

## I

■ Appellant alleged in her complaint that appellee was negligent by designing a bus with the bell cord above the windows since some passengers cannot reach the cord without standing and placing themselves off-balance while the bus is in motion. She claims, also, negligent design in the lack of a pole or seat handle for front seat passengers to grasp when standing to reach the bell cord. Appellee not only denied negligence but also averred in defense that the accident and appellant's injuries were the result of her sole or contributory negligence and/or her assumption of the risk. As we have indicated, such questions of negligence and contributory negligence are normally questions of fact for the jury. *See, e. g., Aqui v. Isaac,* D.C.App., 342 A.2d 370, 371–72 (1975); *D.C. Transit System, Inc. v. Harris,* D.C.App., 284 A.2d 277, 279 (1971); *Reading v. Faucon,* D.C.Mun.App., 134 A.2d 376, 378–79 (1957). Specifically, in respect to this particular cause of action, a manufacturer of a chattel is ordinarily subject to liability for injuries to others expected to use the chattel when the injuries are caused by the lack of reasonable care in adopting a safe plan or design. *See Jamieson v. Woodward & Lothrop,* 101 U.S.App.D.C. 32, 34, 247 F.2d 23, 25, *cert. denied,* 355 U.S. 855, 78 S.Ct. 84, 2 L.Ed.2d 63 (1957); *see also* Restatement (Second) of Torts § 398 (1965). This duty of care in a manufacturer's design has been held to include the use of reasonable safety devices. *See, e. g., Pike v. Frank G. Hough Co.,* 2 Cal.3d 465, 85 Cal.Rptr. 629, 467 P.2d 229 (1970) (en banc); *Varas v. Barco Mfg. Co.,* 205 Cal.App.2d 246, 259, 22 Cal.Rptr. 737, 744 (1962).

■ Appellant's argument is that a jury must decide, on competent evidence, whether it was reasonable for appellee bus manufacturer to place the bell cord at the height and in the location in the bus that it did;[2] and/or whether it was unreasonable to provide no safety device such as a pole or seat handle for the use of standing passengers. American Motors General Corporation argues that since it complied with federal safety regulations and with WMATA's contract specifications in designing the particular bus it could not, as a matter of law, be liable for injuries incurred by appellant because of an alleged defective design. We disagree.

49 C.F.R. § 393.62 provides in pertinent part:

> Windows, if otherwise capable of complying with section 393.61(a) and (b), shall not be obstructed by bars or other such means located either inside or outside such windows such as would hinder the escape of occupants. . . .

Additionally, appellee's contract with WMATA provided that the bell cords shall not be visible from the outside of the bus.[3] Nothing in this regulation or the contract requires that a bell cord be placed above the window or in such a place where a passenger must stand to reach it, with or without a standing device to hold onto. Consequently, appellee's compliance with both of these provisions is not dispositive of the question of its alleged negligent design. Restatement (Second) of Torts § 288C (1965), states:

> Compliance with a legislative enactment or an administrative regulation does not prevent a finding of negligence where a reasonable man would take additional precautions.

Moreover, it is settled that compliance with a statute or regulation neither establishes due care, nor precludes a finding of negligence. *See, e. g., Grand Trunk Railway Co. of Canada v. Ives,* 144 U.S. 408, 419–22, 12 S.Ct. 679, 36 L.Ed. 485 (1892); *Hageman v.*

---

2. In one city, as a result of a complaint, the height of the bell cord had been lowered. There had been one complaint about the cord's height from a District resident.

3. It is undisputed that the purpose of this provision of the contract was twofold: (1) so as to comply with 49 C.F.R. § 393.62, and (2) so that emergency exits through the bus windows would be unobstructed.

*Signal L.P. Gas, Inc.,* 486 F.2d 479, 482–83 (6th Cir. 1973); *McVicker v. Chesapeake & Ohio Railway Co.,* 307 F.2d 501, 503–04 (6th Cir. 1962); *Wolford v. General Cable Co.,* 58 F.R.D. 583 (E.D.Pa.1973). As the Supreme Court said in the *Grand Trunk Railway* case:

> There is no fixed standard in the law by which a court is enabled to arbitrarily say in every case what conduct shall be considered reasonable and prudent, and what shall constitute ordinary care, under any and all circumstances. The terms "ordinary care," "reasonable prudence," and such like terms, as applied to the conduct and affairs of men, have a relative significance, and cannot be arbitrarily defined. What may be deemed ordinary care in one case may, under different surroundings and circumstances, be gross negligence. * * * When a given state of facts is such that reasonable men may fairly differ upon the question as to whether there was negligence or not, the determination of the matter is for the jury. It is only where the facts are such that all reasonable men must draw the same conclusion from them that the question of negligence is ever considered as one of law for the court. [*Grand Trunk Railway Co. v. Ives, supra* 144 U.S. at 417, 12 S.Ct. at 683.]

Similarly, appellee's compliance with WMATA's contract specifications does not insulate it from liability for negligent design. As we have said, the standard of care applied to the cause of action here is one of reasonableness in adopting a safe plan or design and in the use of safety devices.[4] The contract in the instant case sets out only one specification which was intended as a safety feature. Appellee's compliance, therefore, cannot be dispositive of the question of its breach of the appropriate standard of care.

## II

It is not clear whether the trial judge based his grant of summary judgment, at least in part, on appellant's alleged contributory negligence as a matter of law. If he did, he was in error. The effect of appellant's familiarity with the ordinary jerks, jolts, and stops of bus travel, her choice of a seat in the bus, and her rise to pull the bell cord, as well as all other circumstances of the accident, are factual issues which cannot be decided as matters of law.

We conclude that on the state of the record in this case, appellee is not at this time entitled to summary judgment. We accordingly

*Reverse and remand for trial.*

NEBEKER, Associate Judge, concurring:

I concur that there is a factual issue concerning contributory negligence and that appellee is not entitled to judgment as a matter of law on the basis of its compliance with the contractual specifications in design with the federal safety regulations.

---

**4.** *See* discussion and cases cited therein, p. 1007 *supra.*