Joseph **MURRAY**, Appellant,

v.

**54 RIGGS GROUP, Appellee.**

No. 82–371.

District of Columbia Court of Appeals.

Submitted Nov. 23, 1982.

Decided June 16, 1983.

---

Harry Toussaint Alexander, Washington, D.C., was on brief for appellant.

Charles A. Brady, Washington, D.C., was on brief for appellee.

Before NEWMAN, Chief Judge, TERRY, Associate Judge, and KELLY, Associate Judge, Retired.*

TERRY, Associate Judge:

Appellee filed a complaint against appellant in the Landlord and Tenant Branch of the Superior Court, seeking a money judgment for rent in arrears and possession of the leased premises at 54 Riggs Road, N.E. A protective order was entered requiring appellant to deposit $250 each month in the registry of the court while the action was pending. Appellant in due course filed an answer and counterclaim.[1]

Prior to the start of trial on September 3, 1981, the parties reached a tentative agreement to settle the case and recorded its terms in a praecipe which they filed with the court. This praecipe requested the clerk to

> enter judgment settling the above entitled matter upon the following terms and conditions: The parties will exchange current appraisals in ten (10) days from the date hereof; that the sales price of said property will be determined from said appraisals, and settlement based on said sales price shall be held at the offices of Dolphin & Evans Settlements on October 6, 1981. That the defendant be allowed to deposit rents for August-September 1981 into the registry of the court on or before September 8, 1981. In the event the defendant fails to comply with the provisions herein, this matter shall be set for trial at the next available date, and the protective order shall remain effective herein.

On February 22, 1982, appellee filed a motion for entry of judgment alleging that appellant had failed to comply with the conditions set forth in the praecipe (which it called a stipulation). After a hearing, the court granted the motion. We reverse.

Appellee characterized its motion as an application for judgment, presumably under Super.Ct.Civ.R. 62–II, which authorizes such applications in civil actions. Rule 62–II, however, applies only "[i]f either entry of judgment or execution thereon has been stayed . . . ." The praecipe in this case requested the clerk to "enter judgment settling the . . . matter" under the specified terms and conditions of the agreement. This language is misleading. There was no entry of judgment here, nor was entry of judgment stayed. All that happened was the placement on the record of an agree-

---

\* Judge Kelly was an Associate Judge of the court at the time this case was submitted. Her status changed to Associate Judge, Retired, on March 31, 1983.

1. The lease for the premises at 54 Riggs Road included an option to purchase the property. Appellant's counterclaim was based on appellee's alleged refusal to allow him to exercise this option. Appellant also sued appellee in a separate civil action for specific performance of the option to purchase. Proceedings in the instant case were stayed in the trial court pending the outcome of that suit, which resulted in a judgment for appellee. That judgment was recently affirmed by this court in an unpublished memorandum opinion. *Murray v. Boggs,* No. 82–307 (D.C. February 25, 1983).

ment, conditioned on the performance of further acts by both parties, to enter into a settlement. Moreover, Rule 62–II does not apply in the Landlord and Tenant Branch. *See* Super.Ct. L & T R. 2. Appellee's motion was in substance a motion for summary judgment, and the trial court's ruling must be reviewed under the standards applicable to such motions.

Summary judgment may be granted "if the pleadings, depositions, [and] answers to interrogatories ... show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Super.Ct.Civ.R. 56(c). The burden of demonstrating the absence of a genuine issue of fact is upon the moving party. *Landow v. Georgetown-Inland West Corp.,* 454 A.2d 310, 313 (D.C. App.1982); *Himmelfarb v. Greenspoon,* 411 A.2d 979, 983 (D.C.App.1980); *Nader v. de Toledano,* 408 A.2d 31, 42 (D.C.App.1979), cert. denied, 444 U.S. 1078, 100 S.Ct. 1028, 62 L.Ed.2d 761 (1980); *Turner v. American Motors General Corp.,* 392 A.2d 1005, 1006 (D.C.App.1978). To defeat the motion, all that the opposing party must show is "that there is sufficient evidence supporting the claimed factual dispute to require a jury or judge to resolve the parties' differing versions of the truth at trial." *International Underwriters, Inc. v. Boyle,* 365 A.2d 779, 782 (D.C.App.1976), quoted in *Nader v. de Toledano, supra,* 408 A.2d at 42. Thus, if the pleadings and any proffered evidence, together with any reasonable inferences to be drawn therefrom, "would *permit* the factfinder to hold for the nonmoving party under the appropriate burden of proof, the motion for summary judgment should be denied." *Nader v. de Toledano, supra,* 408 A.2d at 42 (emphasis in original).

Appellee's complaint alleged default in the payment of rent and prayed for a judgment of $1,250 and possession of the premises. Appellant averred in his answer that an agent of appellee had agreed with appellant "that in exchange for work [which appellant] would perform in his automotive shop for a Mr. Graham, credit would be given for rent on the premises 54 Riggs Road ...." Read together, these pleadings raised a material issue of fact as to the extent of appellant's liability, if any, to appellee.[2] Thus the trial court erred in granting appellant's motion for summary judgment.

The September 3 praecipe, by itself, would not support an award of judgment to either party in this case because it required both parties to perform further acts before judgment could be entered. It also expressly provided that if appellant failed to comply with its provisions, the case was to be set for trial. It is undisputed that appellant did not comply with the terms of the agreement set forth in the praecipe because the parties could not agree on a purchase price for the property. It therefore follows that this case must be restored to the trial calendar, and that it must be tried unless the parties hereafter can agree on a settlement. We express no views on the res judicata or collateral estoppel effect, if any, of the prior judgment in *Murray v. Boggs, supra* note 1.

*Reversed.*[3]

2. No affidavits were filed with either appellee's application for judgment or appellant's opposition, nor were there any depositions or answers to interrogatories before the court. However, since Rule 56(c) specifically requires the court to consider the pleadings—*i.e.,* the complaint and answer—when ruling on a motion for summary judgment, the court was obliged to take them into account in deciding whether appellee's motion should be granted.

3. In its application for judgment, appellee also sought release of the money deposited in the registry of the court pursuant to the protective order. This amount ($4,000) did not include the rent payments allegedly in default at the time the complaint was filed ($1,250). It is not clear from the record whether the funds in the registry were released. If they were, we assume that the trial court will take appropriate action to ensure that they are secured pending the final disposition of this case.