LAMOILLE COUNTY SAVINGS BANK & TRUST CO. *v.* C. H. HANSON.

May Term, 1919.

Present: WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed November 14, 1919.

*Banks—Rights as Holder of Notes as Collateral—Rights as Pledgee of Notes—Direction of Verdict for Plaintiff—Exceptions Not Briefed by Either Party.*

N. deposited with the plaintiff a note running to it, signed by himself, defendant, and another, as collateral security for the payment of all obligations he might be owing plaintiff. Later N. agreed with plaintiff that it might treat all of his collateral notes as general collateral for all of his present and future indebtedness to it, direct and indirect, and apply the same as it might elect to the extinguishment of any part of such indebtedness. Later the plaintiff became the owner of notes given by N. to M. and to R., in accordance with the understanding of the parties at the time they were given, and paid them from the proceeds of N.'s collateral, leaving unpaid debts against N. which were outstanding at the time the notes to M. and R. were given. In a suit to recover on the note signed by the defendant, *held,*

(1) That the note in suit never constituted or represented a debt due from any of the makers to the plaintiff, but was a pledge, and the plaintiff's rights relative thereto were those of a pledgee, incident thereto;

(2) That an agreement made at the time N. executed the notes to M. and R. and delivered them to the plaintiff, that none of the pro-

ceeds of the collateral held by the plaintiff should be used in pay-
ment of the notes to M. and R. until all other indebtedness then
held by the plaintiff against N. had been fully paid constituted no
defence to the note in suit, since it was no part of N.'s indebtedness
to the plaintiff;

(3) That the plaintiff having made out a *prima facie* case and rested,
and no evidence afterwards appearing to change the result, a ver-
dict was properly directed for the plaintiff.

Where neither party takes notice of an exception in their briefs, it
will not be considered by the Court.

ASSUMPSIT on a promissory note. Pleas, the general issue,
payment, and special matter of defence. Trial by jury at the
December Term, 1918, Lamoille County, *Butler*, J., presiding.
A verdict was directed for the plaintiff. The defendant ex-
cepted. The opinion states the case.

*W. W. Reirden* and *W. A. Dutton* for the defendant.

*Roger W. Hulburd* for the plaintiff.

MILES, J.   This is an action of contract to recover on a joint
and several promissory note for the sum of four hundred dol-
lars, dated January 23, 1908, signed by I. A. Norcross, J. J. Gal-
lagher, and the defendant, C. H. Hanson, in the order named,
and made payable to the order of the plaintiff in six months
from date.

From the concessions, statements of counsel, and the evi-
dence in the case it appeared that this note was delivered by
Norcross to the plaintiff as collateral security for the payment
of a note of like amount, signed by Norcross alone, bearing date
February 17, 1908, and made payable to the order of the plain-
tiff in six months from date, and also as collateral security for
the payment of any other obligations that Norcross might be
owing the plaintiff. Both of the four hundred dollar notes men-
tioned above were delivered to the plaintiff at the same time.

On November 27, 1908, Norcross gave the plaintiff a writing
in which, for a valuable consideration, he promised the plaintiff
that all the notes held by it as collateral security might be treated
by the plaintiff, without notice to him, if so desired, as general
collateral for any and all of his present indebtedness to the plain-

tiff, as well as for any renewals of the same and for all sums that he might thereafter owe the plaintiff in any way directly or indirectly, and that the same might be applied as the plaintiff might elect in the extinguishment of any part of the indebtedness to the plaintiff.

In 1909 Norcross was owing McFarland · and Son, grain dealers in Hardwick, Vermont, about $1,000, and one Robie about $700, and at the request of the attorney of these parties Norcross gave to each his promissory note for the sum due. These notes finally came into the possession and ownership of the plaintiff, in accordance with the understanding of the parties at the time they were given, and were paid from the proceeds received from Norcross' collateral, leaving debts of about $1,100 against Norcross which were outstanding at the time the McFarland and Robie notes were given.

After the plaintiff had made out a *prima facie* case and had rested, the defendant offered to show as hereinafter quoted from defendant's brief.

Subject to defendant's exception, the offered evidence was excluded, and as no further evidence in defence was offered by the defendant, the court directed a verdict for the plaintiff. As the case then stood, no question is or can be raised but that the plaintiff was entitled to a verdict for the sum due on the note. The only question, therefore, is whether the evidence offered would constitute a defence to the note in suit.

Assuming, for the purpose of considering the question, that the facts are as the defendant offered to prove, such facts would constitute no defence, unless the note in suit was a debt which Norcross owed the plaintiff and was bound to pay as a debt. But the note in suit was delivered to the plaintiff as collateral, and has always been held as such, and not otherwise. Its character in that respect has never been changed. It never constituted or represented a debt due from any of the makers to the plaintiff. It was a pledge, and the pledgee took but a special property therein; the general property remaining in the pledgor. It is said in *Wood* v. *Dudley*, 8 Vt. 430, 435: "But in case of a pledge the general property does not pass, but remains in the pawnor, the pawnee having only a special property, or lien; and in this case, although the pledge may not be redeemed by the time limited, yet it retains the character of a pledge still." And since the transaction as to this note constituted a pledge, the plaintiff's

rights relative thereto were those of a pledgee, incident thereto. *Samson* v. *Rouse*, 72 Vt. 422, 48 Atl. 666.

Under the agreement connected with the making of this pledge, and that of other property by way of notes, the plaintiff had a right to avail itself of the benefit to be derived from the collateral; but on common principles the money so received by the plaintiff as pledgee should be applied as a payment on the debt or debts which it secures.

Did the agreement offered by the defendant to be shown as made by McFarland, representing the plaintiff bank, with Norcross at the time the latter gave the McFarland and Son note and the Robie note, make any change in this respect? It seems to have been understood that these two notes should be secured by the same collateral that was already held by the plaintiff, including the note in suit. But according to the offered evidence (quoting from the defendant's brief where it is stated certainly as strongly in favor of defendant as the evidence will warrant): "And it was then and there agreed, at the time said Norcross executed said McFarland and Son note and delivered the same to H. M. McFarland as aforesaid, that none of the proceeds of the said collateral should be used by the plaintiff in payment of the said note of Norcross to McFarland and Son until all other indebtedness then held by the plaintiff against said Norcross had been fully paid, * * * and that at the time said Norcross executed and delivered said Robie note to said Henry McFarland it was agreed between them, as in the case of the McFarland and Son note, that none of the proceeds of the collateral then held by the plaintiff should be applied in the payment of said Robie note until all other indebtedness of said Norcross to the plaintiff had been paid."

Defendant's counsel then proceed in their brief to argue or state that a part of the indebtedness of Norcross to the plaintiff was the note in suit. Herein lies the fallacy of their position. We have already undertaken to show that the note in suit never was a debt, nor did it ever represent a debt from Norcross to the plaintiff. On authority, as we have quoted from the 8th Vermont at page 435, the pledge of this note, "retains the character of a pledge still." Let us follow the idea advanced by defendant's counsel in this respect and see to what it leads. Nothing has ever been received by the plaintiff on this piece of collateral. So the argument goes to the extent of saying that

the avails realized from other collateral held for the same purpose must in part go to pay the collateral note in suit which is not a debt, before the collateral held by plaintiff can be applied to the payment of the McFarland and Son note and the Robie note. It should be borne in mind that the agreement was not that this note in suit should not be held as collateral for the two notes last mentioned, and so in law discharged as collateral on the payment of the other indebtedness from Norcross to the plaintiff. Such an agreement might be reasonable and perhaps not uncommon; but an agreement that the avails of one piece of collateral shall go in payment of another piece of collateral held in exactly the same way to secure the same indebtedness is so near an absurdity as to require undoubted proof of such an understanding. It certainly is not within the evidence offered by the defendant and excluded by the court.

Let us test the soundness of the defendant's position in another way. The plaintiff, as pledgee, is entitled to the benefit of the collateral held by it, including the note in suit, until the indebtedness for which it was pledged is fully satisfied, or the lien otherwise discharged, which is not claimed in this case. But when the principal indebtedness has been paid, or tender made, the collateral still unavailed of is discharged in law of the incumbrance, and the pledgor is entitled to the return of the property pledged, including the note in suit. *Robbins* v. *Packard,* 31 Vt. 570, 76 Am. Dec. 134; 21 R. C. L. at page 679, § 41, and cases there cited in note 16. Yet, if it be a debt due to the plaintiff, it must be paid in addition to the actual indebtedness for which the collateral is held as security, and the payment of such actual indebtedness in full does not operate to discharge this piece of collateral, though still held by the pledgee unavailed of, because, forsooth, it represents a debt to the pledgee other than the actual indebtedness before specified. If it constitutes a debt, when was it contracted, and what was the consideration? A careful study of the record, including the transcript, shows that it has always been held by the plaintiff only as collateral, and that neither party has ever claimed otherwise. This brings us to the same result as does the other course of reasoning, namely, that in order to sustain defendant's claim, we must say that the avails of one piece of collateral must go in payment, not in discharge, of another piece of collateral held in exactly the same way and for the same precise purpose, thus showing that the

argument, or claim, leads to an absurd conclusion.    There was no error in the exclusion of the offered evidence; for with it admitted there would be no question for the jury, there being no other evidence to meet the case made by the plaintiff before it rested.

Neither was there any error in the action of the court below in directing a verdict for the plaintiff; for there was and is no question raised but that it made out a case which entitled it to a verdict before it rested, and no evidence afterwards appeared in the case to change that result.

The defendant excepted to the·amount of damages allowed the plaintiff in the judgment rendered on the verdict directed; but neither party takes notice of that exception in their briefs, and none is taken by us.

*Judgment affirmed.*