## David Nzomo v. Vermont State Colleges

[411 A.2d 1366]

No. 51-79

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed February 5, 1980

*David A. Jenkins* and *Thomas B. Bailey* of *Hoff, Wilson, Jenkins & Powell, P.C.,* Burlington, for Plaintiff.

*Matthew I. Katz* of *Latham, Eastman, Schweyer and Tetzlaff,* Burlington, and *Nicholas DiGiovanni, Jr.,* of *Morgan, Brown, Kearns & Joy,* Boston, Massachusetts, for Defendant.

Barney, C.J. Issues arising as a result of the discharge of the plaintiff from the Castleton State College faculty were previously presented to this Court in *Nzomo* v. *Vermont State Colleges,* 136 Vt. 97, 385 A.2d 1099 (1978). By statutory grievance procedure, the plaintiff had appealed the College's termination of his employment to the State Employee Labor Relations Board. The Board dismissed the grievance because it found that no rule or regulation had been discriminatorily applied in the termination.

In this Court the dispute centered on the procedures omitted in carrying out the discharge. There were two sources of termination procedure. The first was the set of rules established by the Vermont State College trustees pursuant to 16 V.S.A. §§ 2174 and 2175. It was undisputed that these were complied with. The second source was the set of rules of Castleton State College itself, as printed in its faculty handbook.

The handbook required that the Division Director and Department Chairman discuss with a faculty member their recommendations relating to renewal of his or her contract and forward those recommendations to the Dean for Academic Affairs. It also required that the President's Advisory Council on Promotion and Tenure review the case and make

a recommendation to the College President. It was conceded that these steps had not occurred. We rejected the Board's conclusion that the rules had been modified by past conduct, held that the admitted failure to follow them constituted a discrimination grievance under 3 V.S.A. § 926, reversed the dismissal and remanded the case to the Board for the imposition of an appropriate remedy. *Nzomo* v. *Vermont State Colleges, supra.*

On remand, the State Labor Relations Board[1] found that the plaintiff was entitled to $3,625 in damages representing certain out-of-pocket expenses incurred when he left Castleton for a better paying job at Stockton State College in Pomona, New Jersey, and when, a year later, he returned to Kenya to teach. The Board did not reinstate the plaintiff, nor did it award any back pay.

The plaintiff took the position, both below and here, that the appropriate remedy should be reinstatement and back pay, less any earnings in mitigation, plus interest and attorney's fees. The defendant argued that since the episode involved only a procedural deficiency concerning which the plaintiff failed to establish any proximately caused damage, he should receive only nominal damages.

The Board determined that the procedural shortcomings had no significant effect on the President's employment decision. That determination is supported by the record. The final decision was entirely the President's to make. Although the Council on Promotion and Tenure had not made a recommendation relating to this decision, two months before it had given the plaintiff its highest recommendation in relation to a previous renewal of his contract. The Board concluded that the President's decision was made in spite of this evaluation and that the formality of resubmission would not have affected the decision. Similarly, the Board considered that the failure of the Division Director and of the Department Chairman to discuss their recommendations with the plaintiff was an error which did not affect the decision in view of the fact that extensive other consultations with the plaintiff preceded notice of nonrenewal. Although the plaintiff has a grievance

[1] The State Employee Labor Relations Board has been replaced by the State Labor Relations Board. 1975, No. 152 (Adj. Sess.), § 2.

in the sense that the employer did not strictly comply with the procedures it had promulgated, we agree with the Board that this failure did not affect the ultimate employment decision.

A similar situation was presented to the United States Supreme Court in *Carey* v. *Piphus,* 435 U.S. 247 (1978). That case involved students who were suspended from public school in violation of their rights to procedural due process. The students sued to vindicate those rights under 42 U.S.C. § 1983. The Court held that the violations entitled them to nominal damages, but that they were not entitled to substantial nonpunitive damages absent proof of actual injury. It further indicated that no such injury was suffered if the students would have been suspended had proper procedures been followed:

> The [C]ourt [of Appeals] thought that in such a case, the failure to accord procedural due process could not properly be viewed as the cause of the suspensions. The court suggested that in such circumstances, an award of damages for injuries caused by the suspensions would constitute a windfall, rather than compensation, to respondents.

*Id.* at 260 (citations omitted).

Although both the source of the procedural rights involved and the method of their vindication differ in our case from those in *Carey,* we find the reasoning of that case persuasive in the context of this one. The Labor Board's factual determination that the procedural shortcomings at issue did not affect the final nonrenewal of plaintiff's contract fully support its denial of reinstatement, back pay, and moving expenses.

Although the defendant has argued vigorously for affirmance of the Labor Board's decision, it has not questioned the plaintiff's right to appeal that determination nor has it independently challenged the Board's award to plaintiff of $3,625 for out-of-pocket expenses. (Indeed, the defendant contended that the Labor Board fashioned an appropriate remedy.) On the other hand, the plaintiff, in addition to the claims for relief dealt with above, prays for allowance of attorney's

fees. Beyond the bare request for such an award the plaintiff has presented no arguments or authority to support the contention that the Board erred in denying attorney's fees.

We express no view on the merits of these questions since they were waived by the parties' failure to brief and argue them. *Lamoille County Savings Bank & Trust Co.* v. *Hanson*, 93 Vt. 486, 491, 108 A. 396, 398 (1919) ; *In re Smith, Bell & Hauck Real Estate, Inc.*, 132 Vt. 295, 300, 318 A.2d 183, 187 (1974).

*Affirmed.*