### Vermont State Colleges Faculty Federation and Michael Peck v. Vermont State Colleges

[428 A.2d 1110]

No. 305-78

Present: **Barney, C.J., Daley, Larrow, Billings and Hill, JJ.**

Opinion Filed February 4, 1981

*Hoff, Wilson & Powell, P.C.*, Burlington, for Plaintiffs.

*Matthew I. Katz* of *Latham, Eastman, Schweyer and Tetzlaff*, Burlington, and *Nicholas DiGiovanni, Jr.,* of *Morgan, Brown, Kearns & Joy*, Boston, Massachusetts, for Defendant.

**Barney, C.J.** Michael Peck, one of the plaintiffs, was not reappointed to his position at Lyndon State College for the 1978–79 academic year. Following adverse decision at the contractual grievance level, he petitioned the State Labor Relations Board under 3 V.S.A. § 926. The Board dismissed his petition, so he appealed to this Court.

Peck was employed as Director of Cooperative Education at Lyndon. Cooperative education involves placing students with businesses in the community to give them practical exposure to the business world. The director coordinates the activities

of the cooperative education program. He contacts employers to encourage their participation in the program, counsels students and helps them to find cooperative education jobs, and brings to the faculty information about the program.

Peck contends that the College told him when he applied that he would have faculty status if he took the job. Halfway through his first year of employment he discovered that he had been given administrative staff status. He then applied for faculty status, which was granted when he was reappointed the next year. On March 1, 1978, during that second year, he received a notice of nonreappointment.

Complying with the procedures called for under the Faculty Federation Agreement, he filed a complaint, followed by appropriate grievances. Dissatisfied with the College's response, he, along with the Vermont State Colleges Faculty Federation, filed a grievance with the State Labor Relations Board under 3 V.S.A. § 926.

Peck presents three issues here that were raised before the Board. The first relates to the timeliness of the notice of nonreappointment. On that point, the Board found against Peck, on the ground of waiver, since he had raised the issue late in the grievance proceedings. The second question deals with the assertion that the College did not conduct its evaluation in accordance with the requirements of the Federation Agreement. The Board found against Peck on this contention also. The third issue relates to the alleged failure of the College to establish criteria for evaluating faculty for reappointment. This concern was not dealt with by the Board in its decision, but, since we remand this cause, should be dealt with on remand.

■ Reviewing first the issue of the timeliness of the notice, Peck's position was based on the proposition that he was a second year faculty member rather than a first year member. Under the Federation Agreement, he should have received the notice by March 1, 1978, as a first year faculty member, and by December 1, 1977, as a second year member. Since he received the notice on March 1, 1978, he received it late if he was, in fact, a second year faculty member.

All this was rendered immaterial, however, by the Board's determination. It found that since Peck did not raise the issue until Step II of the grievance proceedings, he was too late.

This conclusion was correct, and was based on the terms of the Federation Agreement, the bargaining contract. Paragraph 6 of Article XIX of the Agreement provides:

> Failure of the grievant or grievants to comply with the time limitations of the complaint procedure or of steps one and two shall preclude any subsequent filing of the grievance by the Federation or grievant . . . .

To avoid the barrier of that provision the issue had to be raised in Step I of the procedure, and was not. On that account, Peck was not eligible to appeal on that ground. The issue was barred before the Board and is barred here, under 3 V.S.A. § 926, which provides in pertinent part:

> The board shall hear and make final determination on the grievances of all employees who are eligible to appeal to the board.

Peck's second contention is that the Federation Agreement was violated because the written faculty and College evaluations, which were to go in his personnel file, were not placed in the file. The Board found that no such written evaluations, either by the faculty or by the administration, were in Peck's personnel file. Nevertheless, the Board found that the Federation Agreement did not require that written evaluation material be placed in a faculty member's file before notice of nonreappointment.

The Board's view does not square with the terms of the Federation Agreement. Paragraph 3 of Article XXII provides:

> The Dean or other appropriate administrative officer shall forward his written evaluations and recommendations to the faculty member's personnel file, . . . , and they shall be kept in the file.

The Agreement requires a written evaluation from the College.

Under 3 V.S.A. § 926, taken together with the bargained-for Agreement, Peck was entitled to have the College show that the action taken in not reappointing him was demonstrably carried out in compliance with the terms of the Federation Agreement, and not in violation of it. The College violated the Agreement by failing to comply with the evaluation require-

ment. The Board's conclusion that the College did not breach the Agreement was error.

The consequence is that Peck has established a grievance, and the decision of the Board to dismiss the grievance must be reversed. *Nzomo* v. *Vermont State Colleges,* 136 Vt. 97, 385 A.2d 1099 (1978).

For a remedy Peck requested the following: (a) reappointment for the academic year 1978–79, retroactive to the beginning of the year; (b) a letter of reappointment from the College to Mr. Peck, which he could use in seeking other employment if he so chose; (c) to be made whole for all damages including compensation in salary, benefits and fringes retroactive to the beginning of the 1978–79 academic year; and (d) evaluation to be conducted according to the terms of the Agreement, with written evaluations and recommendations forwarded to Peck's personnel file, and relevant material added to the file by Mr. Peck.

The Agreement does not require the President to give written reasons if he does not reappoint a faculty member during the member's first three years of service. The College contends that, even if it violated the Agreement by not evaluating Peck properly, Peck is entitled only to nominal damages since the President had full discretion not to reappoint Peck anyway. The College cites *Nzomo* v. *Vermont State Colleges,* 138 Vt. 73, 411 A.2d 1366 (1980), to support its contention. That case was a review of the Board's determination of the proper remedy, however, not a review of the Board's determination of whether or not a grievance existed. "The Board determined that the procedural shortcomings had no significant effect on the President's employment decision." *Id.* at 75, 411 A.2d at 1367. We held that the Board's determination was supported by the record. *Id.*

In this case we have simply determined that the Board erred in dismissing Peck's grievance. The Board must decide upon the proper remedy. Under 3 V.S.A. § 926 the Board is authorized to make final determination in all appeals to it. If the Board finds that the breach caused the President to exercise his discretion not to rehire Peck, a back pay award may be appropriate.

The Board is not limited, however, to that result. If the College had evaluated Peck according to the Agreement, Peck

may have been able to use the evaluations to find a new job. Without them, he may have had difficulty obtaining employment, suffering consequential damages as a result. If Peck's evidence warrants such damages, the Board may choose to make an award commensurate with the proven injury.

Finally, "[t]he board is authorized to enforce compliance with all provisions of a collective bargaining agreement upon complaint of either party." 3 V.S.A. § 982(g). The Board might choose to order compliance by requiring the College to fulfill its duty to evaluate Peck according to the Agreement, or invoke any other remedies which may be appropriate. We make no decision here as to the proper remedy.

Since the Board erroneously dismissed Peck's grievance, it did not evaluate the evidence to determine Peck's proper remedy. We feel that fairness to the plaintiff Peck requires that the Board do so, and remand for that purpose.

Peck raised a third issue with the Board—that the College failed to establish and publish criteria for evaluating faculty for reappointment. The Board did not address the issue. It should do so on remand. See *Howard* v. *Howard,* 122 Vt. 27, 34–35, 163 A.2d 861, 867 (1960). If the Board finds that the College breached the Agreement with respect to establishing and publishing criteria, the Board shall fashion a proper remedy for that violation as well.

*The Board's dismissal of the grievance is reversed, and the cause remanded for a determination of an appropriate remedy with respect to Peck's grievance, and for an adjudication and disposition of the issue of criteria for faculty evaluation.*