DISTRICT OF COLUMBIA, et
al., Appellants,

v.

Alvin G. WHITE, Sr., Appellee.

No. 80–460.

District of Columbia Court of Appeals.

Argued April 2, 1981.

Decided Aug. 5, 1981.*

Edward E. Schwab, Asst. Corp. Counsel, Washington, D.C., with whom Judith W. Rogers, Corp. Counsel, and Charles L. Reischel, Deputy Corp. Counsel, Washington, D.C., were on briefs, for appellants.

David Jonathan Cohen, Washington, D.C., with whom William B. Peer, Washington, D.C., was on brief, for appellee.

Before HARRIS, MACK, and FERREN,** Associate Judges.

* The original disposition of this case was by an unpublished Memorandum Opinion and Judgment. The District of Columbia's motion for publication was granted.

** Associate Judge FERREN did not participate in the resolution of this case.

HARRIS, Associate Judge:

Appellants challenge the trial court's judgment awarding reinstatement, plus back pay, to appellee.[1] The trial court, sitting without a jury, concluded that the failure of the Board of Education to act as a whole and of the Superintendent of Schools to have signed a written recommendation concerning the dismissal of appellee violated D.C. Code 1973, § 31–102. Finding that there was substantial compliance with the requirements of the statute, we reverse.

I

Appellee was dismissed in February 1977 from his job as a community aide in the District of Columbia school system. He brought suit in Superior Court alleging that the procedures employed to terminate his employment violated § 31–102 of the Code, which then provided that:

No appointment, promotion, transfer, or dismissal of any director, supervising principal, principal, head of department, teacher, or any other subordinate to the superintendent of schools shall be made by the Board of Education, except upon the written recommendation of the superintendent of schools.

Initial action on appellee's ultimate dismissal for repeated absenteeism and misconduct began in the spring of 1976. At that time, Gilbert Diggs, superintendent of the region in which appellee worked, informed Superintendent Reed of appellee's poor performance as a community aide and recommended that he be dismissed. A later written communication from Diggs advised Superintendent Reed that the Superintendent's office should recommend final dismissal. Having decided to terminate appellee's employment, the Superintendent instructed the Director of Personnel to recommend dismissal, which was accomplished by a letter of dismissal.[2]

After a hearing on the proposed termination, the Hearing Examiner found that appellee's excessive unauthorized absenteeism amounted to both willful neglect and gross inefficiency.[3] The Board of Education's Committee on Board Operations, Rules, Policies & Legislation accepted the recommendation of the Hearing Examiner. The final action dismissing appellee, evidenced in the committee report, was implemented on February 16, 1977.[4]

II

Appellants contend that the trial court erred in holding that the Board improperly delegated its authority to dismiss employees. *See* D.C.Code 1973, § 31–102.[5] Finding error in the trial court's resolution of this question of law, *see id.*, § 17–305(a), we conclude that the Board acted permissibly.

■■■ A rulemaking power may constitute a source of authority to delegate a certain function unless it is expressly or impliedly withheld. *See Fleming v. Mohawk Wrecking & Lumber Co.*, 331 U.S. 111, 121, 67 S.Ct. 1129, 1134, 91 L.Ed. 1375 (1947).[6] Congress gave the Board the pow-

1. Appellants are the District of Columbia, the District of Columbia Board of Education, individual members of the Board of Education, and the Superintendent of Schools.

2. The letter explained the grounds for the proposed adverse action and gave appellee notice that the dismissal would take effect 30 days from its receipt. It further informed appellee of his right to a hearing on the action. The letter also served as the Superintendent's recommendation to the Board of Education.

3. The evidence of appellee's excessive absenteeism was uncontradicted.

4. Although final action did not take place until February 1977, appellee's removal from the payroll in July 1976 properly complied with Chapter X § 1.7 of the Board's rules.

5. Section 31–102 was in effect at the time of appellee's dismissal, but it later was repealed. 25 D.C.Reg. 6055 (1978).

6. The assumption that statutory authority is necessary for valid delegation by an agency is incorrect. Appellants advocate, while appellee refutes, the use of 5 U.S.C. § 302 (1976) as a source of delegation authority for the Board. We find the theories of both parties to be without merit. *See Tabor v. Joint Board for Enrollment of Actuaries*, 185 U.S.App.D.C. 40, 43 n.5, 566 F.2d 705, 708 n.5 (1977).

er to adopt rules and regulations. The Board has utilized its rulemaking power to authorize its Committee on Board Operations, Rules, Policies & Legislation to dismiss employees of the school system.[7] This procedure permits efficient and effective review of personnel matters. Moreover, the rules and regulations of the Board have full force and effect unless they are in conflict with express statutory prohibitions. *United States ex rel. Denney v. Callahan*, 54 App. D.C. 61, 63, 294 F. 992, 994 (1924). The former § 31–102 did not expressly or implicitly prohibit delegation by the Board, nor did it mandate action by the entire Board. No prohibitive or conflicting statute or authority precluded this delegation by the Board.[8] No congressional intent to withhold authority to delegate appears. Without evidence to the contrary, we decline to read § 31–102 so narrowly as to deny the Board the authority to make procedural rules of delegation and operation, rendering the Board's procedures ineffective. *See E.E.O.C. v. Raymond Metal Products Co.*, 530 F.2d 590, 594 (4th Cir. 1976).

### III

In entering judgment for appellee, the trial court found that his employment was terminated by subordinates of Superintendent Reed, a procedure not in accordance with statutory requirements. Appellants contend that the Superintendent's personal direction to dismiss appellee satisfied his obligation under § 31–102, notwithstanding his failure to sign the actual termination letter. We agree.

We cannot find improper delegation contrary to the terms of § 31–102 because the Superintendent did not delegate his decision-making function. Superintendent Reed decided to dismiss appellee based on oral and written reports from appellee's regional superintendent.[9] He instructed his Director of Personnel to perform the ministerial function of preparing the dismissal letter to effectuate a decision he already had made. Full discretion to recommend the termination of appellee and the responsibility for the decision rested with Superintendent Reed. We conclude that his action did not constitute a delegation of authority in conflict with § 31–102.

The purpose underlying the former § 31–102's requirement of a written recommendation from the Superintendent was to assure that final personnel decisions emanate from that office. In this case, Superintendent Reed was well aware of appellee's poor employment record.[10] The absence of his signature on the dismissal letter does not negate the fact that he exercised his personal discretion to terminate appellee's employment.[11] Nor does it indicate a dereliction of duty on his part for not reviewing the actual final letter of dismissal, since he had ordered the action to be taken. Therefore, we conclude that the role played by the Superintendent in the termination of appellee's employment fulfilled his statutory obligation under § 31–102.

7. Chapter X § 1.7 authorizes a designated Board committee to take final action on dismissals.

8. Although absence of an express prohibition may not in and of itself authorize delegation, it may evidence a lack of intent to prelude delegation. *See United States v. Cuomo*, 525 F.2d 1285, 1287–88 (5th Cir.1976).

9. The degree of knowledge and involvement of the Superintendent in appellee's dismissal clearly distinguishes this case from those cited by appellee where involvement and decision-making by the Superintendent demonstrably were lacking. The Superintendent's finding of justifiable grounds for appellee's termination further differentiates this case from those upon which appellee relies.

10. Reed testified as to "Mr. White's inefficiency and his neglect of duty—he had many, many absences, and a hardship was being made upon the school, that he had to serve young people, and that for the best interest of the school system, Mr. White had to be replaced."

11. Appellee's contention that the absence of the Superintendent's signature indicates his lack of involvement is without merit. The mere signing of a letter by the Superintendent cannot guarantee his active participation in the decision-making process. Presumably, he could sign numerous papers daily without making the individual decision reflected in each letter's contents. The absence of a signature is not conclusive on the question of the Superintendent's personal involvement.

Accordingly, the ruling of the trial court is reversed and the case is remanded with directions to enter judgment for appellants.

*Reversed and remanded.*