DISTRICT OF COLUMBIA, Appellant,

v.

Pearl E. GRAY, Appellee.

No. 81-578.

District of Columbia Court of Appeals.

Argued April 13, 1982.

Decided Nov. 16, 1982.

Richard B. Nettler, Asst. Corp. Counsel, with whom Judith W. Rogers, Corp. Counsel, and Charles L. Reischel, Deputy Corp. Counsel, Washington, D.C., were on the brief, for appellant.

Harvey M. Katz, Washington, D.C., for appellee.

Before MACK, FERREN, and BELSON, Associate Judges.

BELSON, Associate Judge:

Appellant challenges the trial court's grant of summary judgment and award of back pay and reinstatement to appellee, a District of Columbia teacher who asserted that her employment had been terminated in violation of the requirements of D.C.Code 1973, § 31–102.[1] Appellant argues that (1) appellee's action was barred by laches and (2) even if appellee's termination was procedurally defective, she is not entitled to back pay and reinstatement. We agree with appellant's second contention and, therefore, reverse and remand the case.

I

On December 6, 1972, appellee, a teacher at Cardozo High School, was involved in an altercation with another teacher. On January 24, 1973, an assistant superintendent of schools transferred appellee to another high school. Appellee, however, failed to report for her teaching assignment at the new school. On June 20, 1973, appellee was terminated from her employment upon the recommendation of the assistant superintendent of schools and with the approval of the assistant superintendent of personnel.

On December 5, 1975, appellee filed a complaint in Superior Court, alleging that she had been fired as a result of discrimination based upon her membership in a union and her sex. She also alleged that her employment was terminated in violation of the laws, rules and regulations of the District of Columbia. On June 11, 1979, appellee filed an amended complaint, contending that her termination was not made in compliance with D.C.Code 1973, § 31–102, which provided that the termination of the employment of a District of Columbia teacher must have been effected by the Board of Education and could have been effected only upon the written recommendation of the superintendent of schools. The parties filed cross-motions for summary judgment. Following a hearing, the court granted appellee's motion for summary judgment on the first count, that appellee was terminated in violation of § 31–102, and granted appellant's motion for summary judgment on the remaining counts. The court held that appellee's discharge was illegal and void because of the noncompliance with the statutory requirement that a termination may be effected only by the Board of Education upon the written recommendation of the superintendent of schools. The parties stipulated that the amount of back pay owed to appellee was $100,000. The court ordered appellant to reinstate appellee and to pay compensatory damages of $100,000 for back pay that she lost as a result of her improper termination. The District of Columbia filed timely notice of appeal. No cross-appeal was noted.

II

Appellant asserts that appellee's claim that her employment was not proper-

---

1. D.C.Code 1973, § 31–102 provided:

    No appointment, promotion, transfer, or dismissal of any director, supervising principal, principal, head of department, teacher, or any other subordinate to the superintendent of schools shall be made by the Board of Education, except upon the written recommendation of the superintendent of schools.

    This provision was repealed by the District of Columbia Comprehensive Merit Personnel Act of 1978, D.C.Law 2–139, 25 D.C.Reg. 5740, 6055 (1978).

ly terminated in accordance with the requirements of D.C.Code 1973, § 31–102 is barred by laches.[2] Appellant, however, failed to properly preserve the laches issue for appeal.

Ordinarily, matters not raised at the trial court level may not be raised for the first time on appeal. *See Hormel v. Helvering,* 312 U.S. 552, 556, 61 S.Ct. 719, 721, 85 L.Ed. 1037 (1941); *Gray v. Gray,* D.C.App., 412 A.2d 1208, 1211 n. 2 (1980); *William J. Davis, Inc. v. Young,* D.C.App., 412 A.2d 1187, 1189 n. 2 (1980); *Order of AHEPA v. Travel Consultants, Inc.,* D.C. App., 367 A.2d 119, 126 (1976); *Brown v. Collins,* 131 U.S.App.D.C. 68, 72, 402 F.2d 209, 213 (1968); *Miller v. Avirom,* 127 U.S. App.D.C. 367, 369, 384 F.2d 319, 321 (1967). Appellant raised the defense of laches in support of its motion to dismiss appellee's original complaint. Appellee, however, filed an amended complaint and appellant did not pursue its motion to dismiss the original complaint. Appellant made a boilerplate reference to the laches defense in its answer to the amended complaint. That defense was not mentioned in appellant's opposition to appellee's motion for summary judgment. In considering a motion for summary judgment, the trial court is required to review "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," to determine whether there is a "genuine issue as to any material fact." Super.Ct.Civ.R. 56(c); *Turner v. American Motors General Corp.,* D.C.App., 392 A.2d 1005, 1006 (1978). A motion to dismiss, however, is not a pleading. Consequently, the trial court was not required to peruse the abandoned motion to dismiss. We conclude that appellant did not raise properly its laches defense before the trial court, and therefore, we do not reach that issue.

## III

Appellant also contends that the award of back pay and reinstatement was inappropriate since the termination of appellee's employment was warranted. Appellant argues that the proper disposition of the case should have been to remand the case to the Board of Education for compliance with procedures outlined in D.C.Code 1973, § 31–102. We agree.

In *Carey v. Piphus,* 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978), the United States Supreme Court dealt with an action brought pursuant to 42 U.S.C. § 1983 in behalf of public school students who claimed to have been suspended from school without procedural due process. The Supreme Court agreed with the Seventh Circuit's holding that the students would not be entitled to recover compensatory damages for the suspension if it should be established that they would have been suspended even if a proper hearing had been held. *Id.* at 260, 98 S.Ct. at 1050. The Court went on to state that "in such circumstances, an award of damages for injuries caused by the suspensions would constitute a windfall, rather than compensation, to [the students]." *Id.* The Court cited with disapproval a number of federal circuit appellate decisions in which public employees were awarded back pay when their employment was terminated with cause but without procedural due process. *Id.* at 260 n. 15, 98 S.Ct. at 1050 n. 15.

---

**2.** Appellant also argues that the trial court erred in granting summary judgment in favor of appellee since, in light of our decision in *District of Columbia v. White,* D.C.App., 435 A.2d 1055 (1981), disputed facts existed as to whether the Board of Education and the Superintendent delegated their powers under § 31–102 to the assistant superintendent of schools and the assistant superintendent of personnel. In *District of Columbia v. White,* the Superintendent made the decision to dismiss a teacher and instructed the Director of Personnel to perform the ministerial function of preparing the dismissal letter. *Id.* at 1057. We concluded

that "the role played by the Superintendent in the termination of appellee's employment fulfilled his statutory obligation under § 31–102." *Id.* Here, we note first that appellant failed to raise the issue of delegation in connection with the cross-motions for summary judgment, and thus did not preserve the point for appeal. Second, the record does not show compliance with § 31–102 in that there is no showing that a delegate acted upon the direction of either the Superintendent or the Board of Education. Thus, we conclude that our decision in *District of Columbia v. White* is inapplicable.

Following the Supreme Court's decision in *Carey,* several circuits have held that discharged public employees are not entitled to back pay and reinstatement if they would have been discharged even if they had been accorded procedural due process. *Wilson v. Taylor,* 658 F.2d 1021, 1033–35 (5th Cir.1981); *McGhee v. Draper,* 639 F.2d 639, 645–46 (10th Cir.1981); *Kendall v. Board of Education of Memphis City Schools,* 627 F.2d 1, 6 (6th Cir.1980); *D'Iorio v. County of Delaware,* 592 F.2d 681, 690 n. 16 (3rd Cir.1978); *Burt v. Abel,* 585 F.2d 613, 616 (4th Cir.1978).

Several state courts have reached the same conclusion. In *Nzomo v. Vermont State Colleges,* 138 Vt. 73, 411 A.2d 1366 (1980), several procedures required by the faculty handbook were not complied with in the discharge of a faculty member. The Vermont Supreme Court held that "[t]he Labor Board's factual determination that the procedural shortcomings at issue did not affect the final nonrenewal of plaintiff's contract fully support[s] its denial of reinstatement, back pay, and moving expenses." *Id.* 411 A.2d at 1368. Similarly, in *Board of Education of Charles County v. Crawford,* 284 Md. 245, 395 A.2d 835 (1979), a teacher was discharged without notice of the hearing on her dismissal. The court held that although the County Board failed to comply with the proper procedures in dismissing the teacher, the teacher was not entitled to back pay since there was just cause for her dismissal. *Id.* 395 A.2d at 841–42.

■ Thus, in light of the Supreme Court's decision in *Carey,* we conclude that the trial court erred in awarding back pay and reinstatement to appellee based solely upon the Board of Education's failure to comply with the requirements of D.C.Code

1973, § 31–102. Appellee is not entitled automatically to back pay and reinstatement on the basis that she was denied procedural due process.[3] *See Carey v. Piphus, supra,* 435 U.S. at 264, 266, 98 S.Ct. at 1052, 1053. She is entitled, however, to a remand to the Board of Education so that the required procedures might be followed in order to determine whether appellee should have been terminated, *i.e.,* for compliance with § 31–102. The plain language of § 31–102, as it was in effect at the time pertinent to this proceeding, provided that "no ... dismissal of any ... teacher shall be made by the Board of Education, except upon the written recommendation of the superintendent of schools."[4]

In so concluding, we express the view that our holding in *District of Columbia v. Jones,* D.C.App., 442 A.2d 512 (1982), is not to the contrary. There we upheld the trial court's finding that the procedures followed by the Metropolitan Police Department in determining a police officer's right to administrative sick leave were constitutionally defective, but reversed the trial court's grant of summary judgment in favor of the police officer on the issue of damages. We noted that, on remand, the police officer would have the burden of proving not only that he suffered damages but that those damages were proximately caused by the denial of due process by the Metropolitan Police Department. *Id.* at 524–25. We also noted that the trial judge had concluded that a new hearing before the Police Department Administrative Board would not serve to rectify the absence of procedural due process at a meaningful time. There was no such conclusion by the trial court in the case before us, and we find no basis in the record for concluding that a renewed

---

**3.** Nor is appellee entitled to even nominal damages for the procedural violation per se (as opposed to being entitled to appropriate relief if, upon further proceedings, it is determined that she should not have been dismissed). *Carey* held that students dismissed without procedural due process were entitled to at least nominal damages and, if they were proven, to actual damages resulting from the deprivation of due process itself. *Carey v. Piphus, supra* 435

U.S. at 264, 266, 98 S.Ct. at 1052, 1053. That holding does not apply to the case at bar since *Carey,* unlike the instant case, was an action brought pursuant to 42 U.S.C. § 1983 for deprivation, under color of law, of federal constitutional due process rights.

**4.** See note 1, *infra.* All other applicable provisions of 10 DCRR, Ch. X, §§ 1–4 (1970) must also, of course, be followed.

proceeding before the Board of Education could not duly address the matters at issue.[5]

Accordingly, we reverse and remand the case to the Superior Court with the instruction that the case be remanded to the Superintendent of Schools and the Board of Education for compliance with D.C.Code 1973, § 31–102.[6] Following remand, the Superior Court shall retain jurisdiction for any further hearing it deems appropriate.

*Reversed and remanded.*

---

**5.** We recognize that the Superintendent at the time of appellee's termination no longer occupies that position. Doubtless numerous other changes in personnel have occurred. We cannot assume that those changes will render it impossible to follow required procedures.

**6.** The result here is consistent with the result recently reached by another division of this court in *District of Columbia v. Woody,* D.C. App., 452 A.2d 324 (1982), where we re-

versed a Superior Court judgment which based an award of damages to a Metropolitan Police officer on the ground that the administrative determination of his sick leave status had not comported with due process, and remanded to the trial court for further proceedings as to whether the due process deprivation had proximately caused an erroneous administrative decision on the merits of his sick leave claim.