DISTRICT OF COLUMBIA, Appellant,

v.

Annie A. MONTGOMERY, Appellee.

DISTRICT OF COLUMBIA, Appellant,

v.

Clement R. MOORE, Appellee.

Nos. 81–1087, 82–181.

District of Columbia Court of Appeals.

Argued Sept. 23, 1982.

Decided Dec. 8, 1982.

Richard B. Nettler, Asst. Corp. Counsel, Washington, D.C., with whom Judith W. Rogers, Corp. Counsel, Charles L. Reischel, Asst. Corp. Counsel, and Leo N. Gorman, Deputy Corp. Counsel, Washington, D.C., were on the brief, for appellant.

Harvey M. Katz, Washington, D.C., for appellee Montgomery.

William B. Peer, Washington, D.C., for appellee Moore.

Before NEWMAN, Chief Judge, and KELLY and KERN, Associate Judges.

PER CURIAM:

These are appeals by the District of Columbia from orders by the trial court in two separate cases reinstating the appellee in each of them to their respective positions as teachers and awarding them back pay and other benefits. The orders of the trial court were based on the conclusion that the dismissals of the appellees had not complied with the statutory mandate of Section 31–102 in effect when they had been dismissed as teachers. This section reads in pertinent part:

> No ... dismissal of any ... teacher ... shall be made by the Board of Education, except upon the written recommendation of the superintendent of schools.

We consolidated these cases for argument and decision. After review of the record and consideration of the District's arguments we are persuaded that the conclusions that the Board of Education failed to comply with the statute are correct and have substantial evidentiary support. However, the remedy granted appellee by the court in each case was premature in light of (a) the Supreme Court's teaching in *Carey v. Piphus,* 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978), and of (b) this court's decision in *District of Columbia v. Gray,* D.C.App., 452 A.2d 962 (1982).

Here, as in *Gray,* we conclude that a renewed proceeding before the Board of Education will enable the required procedure of dismissal to be followed.[1] In ac-

---

1. We reject appellees' argument that there is a meaningful distinction between the situation in *Carey v. Piphus,* and the situation in the instant cases because the agency (the Board of Education) never acted at all and hence could not be deemed, according to appellees, merely to have had a procedural deficiency in its action. Here, as in *Carey v. Piphus* and in *D.C. v. Gray,* the agency's action was defective because the requisite procedure was not followed.

cordance with our decision in *Gray,* we reverse and remand the cases to the trial court with direction to remand in turn the cases to the Superintendent of Schools and the Board of Education for compliance with D.C.Code 1973, § 31–102. Just as in *Gray,* the Superior Court upon remand shall retain jurisdiction for any further hearing it deems appropriate.

*Reversed and remanded.*